## THOS. A. BABER v. F. M. BROWN.

(Case No. 3616.)

1. SERVICE OF CITATION.— An *alias* citation issued to a county before an amendment of the pleadings, alleging the residence of the defendant to be in that county, is valid, and when returned with proper service, the defendant is in default if he fails in proper time to answer.

2. DISTINGUISHED.— Distinguished from Ward *v.* Latimer, 2 Tex.

ERROR from Comanche. Tried below before the Hon. J. P. Osterhout.

Suit was brought by F. M. Brown, the defendant in error, in the district court of Comanche county. The

petition alleged that "the plaintiff is a resident of Comanche county, and the defendant, Thos. A. Baber, a resident of Washington county, Texas; that the defendant is indebted to plaintiff in the sum of nine hundred and fifty dollars; that said indebtedness is evidenced by a certain promissory note, etc., and that said note was given in part payment for two certain tracts of land, upon which a vendor's lien was reserved." The land was set out by metes and bounds, and a foreclosure of the vendor's lien prayed for. The petition was filed October 2, 1873, and on the next day citation was issued to the sheriff of Comanche county, but was sent to the sheriff of Washington county, and was by him returned "not found." On the 21st of November following, an *alias* citation was issued to the sheriff of Washington county, and sent to him without a copy of the petition, but was returned by him as before, "not found." On the same day, and before the petition was amended as to the residence of Thos. A. Baber, another citation was issued to the sheriff of Gonzales county, but no service was obtained. The clerk, on the 9th of January, 1874, issued still another citation to the sheriff of Gonzales county. This was properly served. This last citation was filed the 28th of January, 1874, and on the 13th of February following, judgment by default, with foreclosure of vendor's lien, was rendered against Thos. A. Baber, the defendant, for the debt and costs, together with foreclosure of vendor's lien on two tracts of land set out in the plaintiff's petition.

*Tarver & Furman,* for plaintiff in error.

GOULD, ASSOCIATE JUSTICE.— The petition alleged that the defendant resided in Washington county, and citation having been returned by the sheriff of that county, "not to be found in Washington county, but in Gonzales county," another citation was issued, directed to Gonzales

county, no amended petition having been filed alleging that the defendant resided in Gonzales.

Under art. 1435, Pasch. Dig., this citation, issued in January, 1874, was valid, and having been duly returned served, the defendant was in default when he failed to appear. In Ward *v.* Latimer, 12 Tex., cited by counsel, the citation for Martin had not been returned not found. The judgment is affirmed.

AFFIRMED.

[Opinion delivered December 14, 1880.]