R. D. LAUDERDALE ET AL. V. R. & T. A. ENNIS STATIONERY
COMPANY.

No. 7014.

1.   **Return of Citation by Sheriff.**—The return by a sheriff upon a citation is insufficient when showing service ''By delivering to one of the within R. H. Lauderdale deft. a copy of the within citation and plff. petition.'' Rev. Stats., arts. 1216, 1220.

2.   **Citation to Other Counties than where Suit is Filed.**—Under allegations in the petition that two of the defendants resided in Burleson County (suit filed in Lampasas District Court) it was the duty of the clerk to issue the citation for both of said defendants to that county, and he was not authorized to direct the original citation for either of them to any other place.   Rev. Stats., arts. 1215, 1227.

3.   **Same—Presumptions.**—While original process should be directed to the county in which plaintiff's pleadings alleged the parties to be served reside, it is proper upon the existence of any contingency mentioned in article 1227, Revised Statutes, for the clerk to issue alias process to the same or any other county, as directed, without an amendment of the pleadings of the plaintiff; and when such process is found in the record, properly served, it will be presumed that its issuance was properly directed.

ERROR from Lampasas.   Tried below before Hon. W. A. Blackburn.
The opinion gives a statement.

C. L. Lauderdale, for plaintiffs in error.—1.   When defendant is to be served out of the county where suit is brought a certified copy of plaintiff's petition shall accompany the citation; the return on the citation shall show the manner of service.   No presumption can be indulged in favor of such service; and where the return of such service fails to show that a certified copy of plaintiff's petition which accompanied said citation was served upon the defendant, then such service is insufficient and invalid.   Rev. Stats., arts. 1216, 1225; ·Hendon v. Pugh, 46 Texas, 212.

2.   Unless defendant is alleged to reside or be in the county to which citation is issued, and when he is alleged to reside and be in a county other than that in which suit is brought and other than that to which citation is issued, the issuance, service, and return of such citation to such county other than that where the suit is brought and than that in which he is alleged to reside and be, is a nullity.   Rev. Stats., art. 1215; Ward & Martin v. Latimer, Bagby & Co., 2 Texas, 245; Bean v. McQuiddy, 1 Ct. App. C. C., secs. 52, 53, 322; Insurance Co. v. Holland, 2 Ct. App. C. C., sec. 442.

No brief for defendant in error has reached the Reporter.

HENRY, ASSOCIATE JUSTICE.—This was a suit upon a promissory note brought by the appellee against R. D. Lauderdale, who was alleged in the petition to reside in Lampasas County, and J. W. Laud-

erdale and R. H. Lauderdale, alleged to reside in Burleson County. There was a judgment by default against all of the defendants.

Without there being at any time an amendment of plaintiff's petition, citations for J. W. Lauderdale and R. H. Lauderdale were issued on the same date to both Washington and Burleson Counties, the names of both of said defendants being included in each writ. The writ to Burleson was returned by the sheriff of that county, showing, we think, proper service upon the defendant J. W. Lauderdale, but without any mention of the defendant R. H. Lauderdale. The return of the citation issued to Washington County shows that it was executed "By delivering to one of the within R. H. Lauderdale deft. a copy of the within citation and plff. petition."

Appellants contend that it was error to render a judgment by default, for the following reasons: 1. Because the record fails to show that a certified copy of plaintiff's petition was delivered to the defendant R. H. Lauderdale. 2. Because there was no prayer by plaintiff for process to Washington County against R. H. Lauderdale.

By article 1216 of the Revised Statutes it is directed that when a defendant is served without the county in which the suit is pending a certified copy of plaintiff's petition shall be made out for each defendant so residing, and shall accompany the citation.

Article 1220, Revised Statutes, directs that the officer making the service upon such defendants shall deliver "to each of them in person the certified copy of the petition accompanying the citation."

The citation issued to Washington County recited that a certified copy of plaintiff's petition for each defendant accompanied it, and directed that such copies should be delivered to the defendants. But the return of the sheriff fails to show either that he delivered to the defendant the copy of the petition that accompanied the citation or a certified copy thereof. It only shows that he delivered "a copy" of the petition. This he may have done, and still the defendant may never have received from him either a certified copy or the copy that accompanied the petition. Before a judgment by default can be lawfully rendered it must appear that the requirements of the statute have been substantially observed in all particulars.

Under the allegations of the petition that the defendants J. W. Lauderdale and R. H. Lauderdale resided in Burleson County, it was the duty of the clerk to issue the citations for both of said defendants to that county, and he was not authorized to direct the original citation, for either of them, to any other place. Rev. Stats., art. 1215.

The rules with regard to alias citations are prescribed by article 1227 of the Revised Statutes, which reads as follows: "When any process has not been returned, or has been returned without service, or has been improperly served, it shall be the duty of the clerk, upon application of any party to the suit, his agent or attorney, to issue

other process to the same or any other county, as the party applying may direct."

The case of Ward v. Latimer, 2 Texas, 245, was a suit upon a promissory note against William Ward and B. H. Martin, both of whom were alleged in the petition to reside in Red River County. The original citation was issued to said county against both defendants, and was returned by the sheriff of that county showing service upon the defendant Ward, but without any reference to Martin. Subsequently an alias writ was issued to Lamar County and served upon the defendant Martin. A judgment by default was rendered against both defendants, which was reversed by this court upon the ground that the process to Lamar County was issued without authority.

The act with regard to the issuance of alias citations referred to above had been passed only a few months before the process was issued against Martin and only a short time before the case was decided in this court, and is not referred to in the opinion.

In the subsequent case of Baber v. Brown, 54 Texas, 99, the petition alleged that the defendant resided in Washington County, and the original citation was sent to the sheriff of that county addressed to the sheriff of Comanche County, and was returned by the sheriff of Washington County indorsed "not found." Subsequently an alias citation was issued to the sheriff of Washington County, and was returned by him indorsed, "not to be found in Washington County, but in Gonzales County." Another citation was issued directed to Gonzales County, without any amendment of plaintiff's pleading or allegation that the defendant resided in the last named county, which was served and due return made by an officer of said county, and the service was held valid by this court.

While the original process should be directed to the county in which plaintiff's pleadings allege the parties to be served reside, it is proper upon the existence of any contingency mentioned in article 1247 of the Revised Statutes for the clerk to issue alias process to the same or any other county as directed without an amendment of the pleading of the plaintiff; and when such process is found in the record properly served it will be presumed that its issuance was properly directed.

By article 1226 of the Revised Statutes it is made the duty of the officer who returns the citation not served to give in his return such information about where the defendant may be found as he has been able to ascertain. Such information is given, however, only for the benefit of the plaintiff, who may act upon that or any other information with regard to the county to which he directs the issuance of an alias citation.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered April 14, 1891.