Fort Worth & Denver City Ry. Co. et al. v. J. D. Hagler.

Decided January 21, 1905.

**1.—Practice on Appeal—Failure to File Briefs.**

Where one of several appellants fails to prosecute the appeal by filing briefs, the appeal will be dismissed as to him.

**2.—Practice in Trial Court—Supplemental Petition—Asking Citation.**

Where plaintiff, after suit filed, asked for citation to another county for one of the defendants by supplemental petition, instead of a mere suggestion to the clerk of the court, the refusal of the court to strike out the supplemental petition was entirely immaterial, the defendant so cited having filed an answer in the case.

**3.—Assignment of Error Too General.**

An assignment of error that "the court erred in refusing to sustain defendants' special exceptions Nos. 1, 2 and 3, as contained in their first amended answer," the exceptions not being set out in the statement under the assignment,

nor the substance thereof given, nor reference made to the transcript where they may be found, does not comply with the rules and is not entitled to consideration.

**4.—Expert Evidence—Opinion—Disease in Cattle.**

Where a witness testified that he knew something about the disease called "dry murrain;" that he thought he knew in a general way how it affected cattle, although he did not know what produced it; that it was supposed to be caused by dry grass; that he owned the pasture from which the cattle in question had been taken; that it was abundantly supplied with grass and water; that the cattle, at the time in question (when taken from the pasture for shipment), were fat and without disease, and that immediately thereafter other cattle had been placed in the pasture, and dry murrain had not been developed, the witness stated such facts and exhibited such knowledge as authorized him to express the opinion that the cattle did not have dry murrain.

Appeal from the District Court of Wilbarger. Tried below before Hon. L. P. Bruner, special judge.

*T. S. Miller* and *Hall & Stokes,* for appellant.

*Tolbert & Berry,* for appellee.—A nonexpert may give his opinion on a subject when he shows his familiarity with it, and gives the facts upon which he bases the opinion. Railway Co. v. Hyatt, 34 S. W. Rep., 677; Scalf v. Collins Co., 16 S. W. Rep., 314; Railway Co. v. Hepner, 18 S. W. Rep., 441; Railway Co. v. Richards, 18 S. W. Rep., 611.

CONNER, CHIEF JUSTICE.—This suit was instituted by J. D. Hagler against the Fort Worth & Denver City Railway Company, the Missouri, Kansas & Texas Railway Company of Texas and the Missouri, Kansas & Texas Railway Company, in the District Court of Wilbarger County, Texas, for the sum of $1,458.49, as damages on a shipment of 119 head of beef cattle shipped from Vernon, Texas, to St. Louis, Mo., in September, 1901, caused by the negligence of said railway companies in not properly bedding the cars, in furnishing insufficient and worn out cars, in roughly handling the shipment and in delaying the shipment. Thirty-seven head of cattle, alleged to be worth $29.75 each, were killed or so damaged that they had to be left en route, and the balance were alleged to have been damaged to the extent named. The defendants pleaded the general issue, and contributory negligence of plaintiff, and that the cattle were diseased with dry murrain and that the loss arose from that cause. The case was tried before a jury and a verdict returned in favor of the plaintiff against each defendant for the sum of $347.36.

The appellant, the Fort Worth & Denver City Railway Company has failed to prosecute its appeal by filing briefs, and as to that appellant therefore the appeal is dismissed. The remaining appellants, the Missouri, Kansas & Texas Railway Company of Texas and the Missouri, Kansas & Texas Railway Company, present brief, but we find but little therein requiring discussion.

It is first insisted that the court erred in refusing to strike out appellee's second supplemental petition. As appears from the second amended original petition filed on the fifth day of February, 1904, all of the appellants were sued, it being alleged that the two Katy roads, as they

are sometimes designated in the record, operated their lines of road jointly and as partners. On February 14, the Missouri, Kansas & Texas Railway Company of Texas, which had been duly served with process, filed its answer and denied under oath the alleged partnership, and appellee, hence, on August 8, filed the second supplemental petition objected to, in which it was stated merely that the Missouri, Kansas & Texas Railway Company had an agent in Grayson County, Texas, and requested that citation issue to that county, which was done and service properly made there. Whereupon the Missouri, Kansas & Texas Railway Company also filed an answer, and the case was tried upon its merits as to all of the appellants named.

We think the ruling complained of entirely immaterial. Where in the progress of a suit it becomes necessary or advisable to issue citation to a county other than as originally prayed for, a mere suggestion to that effect devolves the duty upon the clerk of the proper court to do so. Baber v. Brown, 54 Texas, 99; Lauderdale v. Ennis Stationery Company, 80 Texas, 496.

The second assignment, which is objected to, is as follows: "The court erred in refusing to sustain these defendants' special exceptions Nos. 1, 2 and 3, as contained in their first amended original answer." The exceptions referred to are not set out in the statement under the assignment, nor is the substance thereof given or reference to the transcript made where they may be found. From the assignment therefore we are unable to say that each of the exceptions presents the same question. Two propositions, however, are submitted under this assignment, one of which is that: "In an interstate commerce shipment made over connecting lines, it is incumbent upon plaintiff to allege and prove upon what line his damages occurred, when he or his agent accompanies the shipment." The other is that: "It is incumbent upon plaintiff in such shipments to allege and prove the amount of damages properly chargeable against each defendant, and to set up what particular acts or omissions on the part of each defendant contributed to his damages." It is to be inferred from the propositions that the exceptions in fact involved more than one question, and the inference is made certain by an examination of the exceptions in the transcript, which we have taken the trouble to examine notwithstanding the objections to the assignment. No authority need be cited for the proposition that such an assignment is not in accordance with the rules, and we therefore sustain the objections to it. The propositions embodied in special charges numbers 3, 4, and 5 were all sufficiently embodied in the court's charge which was given to the jury, and the tenth, eleventh and twelfth assignments are accordingly overruled.

Special charge No. 7, to which the thirteenth assignment is directed, embodied the issue that appellee in person had notice of the faulty bedding and conditions of the cars, which was not raised by the evidence, and so far as applicable was included in the eighth clause of the court's charge.

The fifteenth, sixteenth and seventeenth assignments of error are all directed to the action of the court in permitting the witness J. C. Sumner to testify to the effect that the cattle in question did not have "dry murrain." We think this witness stated such facts and exhibited

such knowledge as authorized him to express the opinion stated. He testified that he knew something about the disease mentioned; that he thought he knew in a general way how it affected cattle, although he did not know what produced the disease; that it was supposed to be dry grass; that he owned the pasture from which the cattle had been taken; that it was abundantly supplied with grass and water; that the cattle at the time of shipment were fat and without disease; that immediately thereafter other cattle had been placed in the pasture and dry murrain had not been developed. We have also carefully examined the statement submitted under these assignments of error, together with the twelfth assignment of error which attacks the sufficiency of the evidence to sustain the verdict of the jury, and we fail to find the slightest testimony referred to that indicates that any of the losses in question resulted from dry murrain. Under the rules we are certainly not required to examine the voluminous transcript in this case for the purpose of ascertaining whether there was possibly such evidence, and if so, the weight thereof.

We conclude that the judgment against the appellants, the Missouri, Kansas & Texas Railway Company and the Missouri, Kansas & Texas Railway Company of Texas, should be in all things affirmed, and that the appeal of the Fort Worth & Denver City Railway Company should be dismissed, as before stated, and it is so ordered.

*Affirmed.*