## PECOS & N. T. RY. CO. et al. v. COX.

(Court of Civil Appeals of Texas. San Antonio. Oct. 18, 1911. Rehearing Denied Dec. 13, 1911.)

1. APPEAL AND ERROR (§ 907*) — PRESUMPTIONS—ABSENCE OF STATEMENT OF FACTS— PLEADINGS.

In the absence of a statement of facts, it must be presumed on appeal that allegations of fact in the petition were proved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2915; Dec. Dig. § 907.*]

2. RAILROADS (§ 24*) — ACTIONS — SERVICE — SERVICE UPON AGENT.

If several railroads, though ostensibly operated independently are in fact parts of one line, owned and controlled by one of the roads, for which the others act as agents, the controlling company is liable for the acts of the others, so that service upon any of the others is sufficient as service upon it.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 52–56; Dec. Dig. § 24.*]

3. APPEAL AND ERROR (§ 914*) — PRESUMPTIONS—SERVICE OF PROCESS.

Though a petition alleged that defendant railroad company had an agent in H. county, if it was also served in P. county, it will be presumed that the necessary steps were taken to make the issuance of the process in P. county legal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3693–3698; Dec. Dig. § 914.*]

---

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 9 Kan. App. 891.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**4. APPEAL AND ERROR (§ 671\*)—STATEMENT OF FACTS—EFFECT OF ABSENCE.**

An assignment of error depending on the facts cannot be considered, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.\*]

Appeal from District Court, Hale County; L. S. Kinder, Judge.

Action by C. B. Cox against the Pecos & Northern Texas Railway Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

See, also, 140 S. W. 1078.

Terry, Cavin & Mills, Roscoe Wilson, and Madden, Trulove, & Kimbrough, for appellants. R. R. Hazlewood and Lumpkin, Merrill & Lumpkin, for appellee.

FLY, J. This is a suit by appellee against the Pecos & Northern Texas Railway Company, the Southern Kansas Railway Company of Texas, and the Atchison, Topeka & Santa Fé Railway Company for damages to a shipment of 617 cattle from Plainview, Tex.—225 to Hamilton, Kan., 104 to Toronto, Kan., 88 to Higgins, Tex., and 200 to Kansas City, Mo.—which it was alleged arose from delay at the initial point and along the route. The last-named railroad company did not answer, but an amicus curiæ presented an exception to the service on that company. The other companies filed answers, denying, among other things, the partnership alleged to exist between them and the Atchison, Topeka & Santa Fé Railway Company. A trial by jury resulted in a verdict and judgment against all of the appellants for $5,509.56.

The statement of facts and bills of exception filed with the record have been stricken out by this court, and a written opinion filed giving the reasons for that action. That opinion is adhered to, and the assignments must be considered without aid from the statement of facts or bills of exception.

It was alleged in the petition "that in truth and in fact said defendants, although separately incorporated, are in reality but one corporation, and are, and were on all the dates herein mentioned, an entirety, and are and were under the same management and control, and that the parts of said continuous line of railway which extends from Plainview, Tex., to Higgins, Tex., as aforesaid, while ostensibly owned and operated by the Pecos & Northern Texas Railway Company and the Southern Kansas Railway Company of Texas, are in fact owned and operated by the defendant Atchison, Topeka & Santa Fé Railway Company, and are but agents, partners, and subcorporations of the said defendant the Atchison, Topeka & Santa Fé Railway Company."

[1, 2] If those allegations were proved, and in the absence of a statement of facts we must presume they were, service on either of the roads was service upon the Gulf, Colorado & Santa Fé Railway Company. This matter was fully settled in the case of Buie v. Railway, 95 Tex. 51, 65 S. W. 27, 55 L. R. A. 861, where it is held: "The authorities cited fully sustain the proposition that, when one corporation makes use of another as its instrument through which to perform its business, the principal corporation is really represented by the agents of the subcorporation, and its liability is just the same as if the principal corporation had done the business in its own name." Again, it was said by the court: "By organizing the Chicago, Rock Island & Texas Railway Company, and through it operating the railroad in Texas, the Chicago, Rock Island & Pacific Railway Company was doing its business in Texas by and through those persons who purported to represent the subcorporation, and the principal corporation was legally in Texas through its said agents, and was liable to suits in the courts of this state by service of process upon the agents which represented it in that business." The decision is well fortified by precedents and decisions of courts of the highest authority. A corporation will not be allowed to escape liability by the flimsy subterfuge of changing its name at the state border, but the transparent mask will be thrust aside by the courts, and the true actor exposed to view and responsibility fixed upon it.

[3] Under the facts alleged in this case, and found by the jury to have been proved, the Gulf, Colorado & Santa Fé Railway Company was in court by service upon the other two railroad companies, and was also in court by service upon its agent in Potter county, if it was so cited, as the presumption would prevail that the necessary steps were taken to render the issuance of the process to Potter county legal, although it was alleged that the Atchison, Topeka & Santa Fé Railway Company had an agent in Hale county. Baber v. Brown, 54 Tex. 99; Lauderdale v. Ennis Stationery Co., 80 Tex. 496, 16 S. W. 308. The first assignment, which attacks the service as to the Atchison, Topeka & Santa Fé Railway Company is therefore overruled.

There is no merit in the second assignment of error, even though supported by the facts stated in the brief, which it is not.

All of the assignments of error from the second to the fifty-eighth inclusive are based upon the statement of facts and bills of exception which have been stricken out, and have therefore no basis to entitle them to consideration.

[4] The fifty-ninth assignment of error is based on the proposition that the facts showed a delay at a certain place, and that, as there was no allegation to support damages for delay at that particular place, the court

should have withdrawn that matter from consideration of the jury, as was requested in a special charge. The vitality of the assignment necessarily flows from the facts, and, there being none, it must therefore fail. The same is true of the remaining assignments of error.

The judgment is affirmed.