PIERSON et al. v. BEARD et al. (No. 1524.)*

(Court of Civil Appeals of Texas. Texarkana. Dec. 9, 1915. Rehearing Denied Dec. 23, 1915.)

1. PROCESS ⬚⟿45—SERVICE—CITATION.

Where the original writ is returned unserved, an alias writ may, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1866, declaring that, where any process shall have been returned or shall have been returned without service, it shall be the duty of the clerk to issue other process directed to the sheriff or other officer of the same or any other county, be issued to the sheriff of another county for service on the defendants without any amendment of the allegations of the petition as to their residence.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 42–45; Dec. Dig. ⬚⟿45.]

2. APPEAL AND ERROR ⬚⟿914—REVIEW—PRESUMPTIONS.

An appellant has the burden of showing error; therefore, where it appeared that defendants were served in a county other than that alleged to be the county of their residence, it will, the record showing nothing to the contrary, be presumed that the original citation was returned unserved, and that an alias writ was issued.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3693–3698; Dec. Dig. ⬚⟿ 914.]

3. HUSBAND AND WIFE ⬚⟿68—LIABILITY OF WIFE—CONTRACTS.

Land subject to a vendor's lien was conveyed to the principal defendant, who assumed payment of the vendor's lien notes. Such defendant conveyed to a third person who assumed payment, and such person conveyed half of the property to the principal defendant's wife who also assumed payment. It did not appear that such debts were contracted for the benefit of the covert defendant's separate estate. Held, that she was not personally liable on her agreement to assume the debt.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 290–293, 343; Dec. Dig. ⬚⟿68.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by P. O. Beard and others against L. B. Pierson and others. From a judgment for plaintiffs, defendants appeal. Reformed and affirmed.

February 23, 1911, D. C. Craver sold and conveyed certain land in Harrison county to appellees E. Thadd Post, H. L. Ferguson, and R. L. George, who, in payment therefor, executed and delivered to him their two promissory notes, dated said February 23, 1911, for $829.33 each, payable to said Craver's order, one in one and the other in three years after its date. To secure the payment of the notes a vendor's lien was expressly re-

tained on the land. Afterward it (the land) was conveyed by the grantees in the deed and their vendees to appellant L. B. Pierson, who assumed the payment of the notes, and he conveyed it to appellant Sylvia White, who assumed the payment thereof. She then conveyed an undivided one-half interest in the land to appellant Selma Pierson, who assumed the payment of one-half the amount due on the notes. This suit was brought by appellee Beard, as the owner and holder of the notes, against said appellees Post, Ferguson, and George, and against appellants, L. B. Pierson, Selma Pierson, and Sylvia White, who, it was alleged in the petition, were residents of Cameron county. Beard sought judgment for the amount of the notes and foreclosing the vendor's lien retained to secure same as against all the parties mentioned above. The Farmers' State Guaranty Bank intervened in the suit and sought judgment against said L. B. Pierson and Selma Pierson on a note for $2,000 made to it by them, and foreclosing (subject to the lien of appellee Beard) the lien of a deed made by them conveying the land to one Murray Reikey in trust to secure the payment of the note. Citations issued to Bexar county and accompanied by certified copies of both the plaintiffs' and the intervener's petitions were duly served on appellants L. B. Pierson and Sylvia White in that county. The suit having been dismissed so far as it was against appellees Post, Ferguson, and George, judgment was rendered in appellee Beard's favor against L. B. Pierson and Sylvia White for the amount of the two vendor lien notes, against Selma Pierson for one-half that amount, and foreclosing as against each of them the vendor's lien retained to secure the notes, and in favor of the appellee bank against said L. B. Pierson and Selma Pierson for the amount of their note to it, and foreclosing (subject to Beard's lien) the lien of said deed in trust made to secure same.

McCollum Burnett, of San Antonio, and Geo. R. Whitley, of San Benito, for appellants. Beard & Davidson, of Marshall, Graham, Jones & George, of Brownsville, and J. M. Mothershead, of San Benito, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] It is insisted that the issuance of citations to and service thereof on appellants L. B. Pierson and Sylvia White in Bexar county was unauthorized, because it was alleged in Beard's petition that they were residents of Cameron county, and it did not appear that citations to that county had been issued and not returned or had been returned not served. The contention is supported by Bean v. McQuiddy, 1 White & W. Civ. Cas. Ct. §§ 52, 53, and Duer v. Endres, 1 White & W. Civ. Cas. Ct. § 322, decided on the authority of Ward v. Lattimer, 2 Tex.

---

245. In the case last mentioned the residence of the defendants was alleged to be in Red River county, where the suit was pending. Citation to that county having been issued and returned not served as to one of the defendants, an alias citation was issued to Lamar county, and there served on that defendant. The court held the service in Lamar county to be a nullity, on the ground that the statute "makes no provision for sending a summons out of the county, when the defendants all reside in the same county where the suit is instituted," overlooking, evidently, section 19 of the act May 13, 1846 (P. D. art. 1435), then in force, as follows:

"When any process shall have been improperly served, or shall not have been returned, or shall have been returned without service, it shall be the duty of the clerk, upon the application of any party interested, his agent or attorney, to issue other process, directed to the sheriff or other officer of the same or any other county, as the party applying may direct."

The section just set out of the act referred to is the same as article 1866, Vernon's Statutes, and has been the law since its enactment in 1846. The Supreme Court, in Lauderdale v. Ennis Stationery Co., 80 Tex. 496, 16 S. W. 309, declaring it to be the duty of the clerk to issue citation to the defendants to the county in which they were alleged in the petition to reside, as directed by article 1215 of the Revised Statutes (article 1852, Vernon's Statutes), held it to be proper, "upon the existence of any contingency mentioned in article 1227 of the revised statutes [being section 19 of the act of 1846, quoted above], for the clerk to issue alias process to the same or any other county, as directed, without an amendment of the pleading of the plaintiff; and when such process is found in the record, properly served, it will be presumed that its issuance was properly directed." In the Lauderdale Case the appeal was from a judgment by default. In Railway v. Hagler, 38 Tex. Civ. App. 52, 84 S. W. 692, it was held:

"Where, in the process of a suit, it becomes necessary or advisable to issue citation to a county other than as originally prayed for, a mere suggestion to that effect devolves the duty upon the clerk of the proper court to do so."

[2] The effect of the rulings made in the two cases last cited, if it affirmatively appeared that the citations issued to and served on appellants, L. B. Pierson and Sylvia White in Bexar county were alias, and not original, writs, would be to require us to presume the existence of a state of facts which authorized the issuance of the alias writs, and to overrule their contention. The question is: Should the presumption be indulged and the contentions overruled because it does not affirmatively appear from anything in the record that the citations served on them were not alias writs? We are of the opinion the question should be answered in the affirmative. The burden is on appellants to show error entitling them to the relief they ask

at the hands of this court. They have not shown it, but are in the attitude of asking this court, as a basis for sustaining their claim of error, to presume that the clerk, in violation of his duty, did not issue the citations to Cameron county as prayed for in the plaintiff's petition, but, instead, in the absence of facts which would have authorized him to do so, and, therefore in violation of law, issued the citations to Bexar county. The writer is further of the opinion, notwithstanding the rulings to the contrary made in the cases referred to, that, even if it conclusively appeared that the citations issued to Bexar county and served upon said appellants L. B. Pierson and Sylvia White were not alias, but were the original citations, the service on them should be held to have been sufficient to authorize the judgment by default rendered against them. They were duly served with the notice they, as defendants in the suit, were entitled to by the terms of the law, and he does not think the mere fact that service of that notice was had on them in another county in the state than the one they were alleged to reside in is a reason why they should not be held to have been bound to answer the suit.

[3] The other contention, made on behalf of the appellant Selma Pierson, that the judgment is erroneous in so far as it is against her personally, is sustained. It appeared from the allegation in the plaintiff's petition that she was the wife of appellant L. B. Pierson, and neither that petition nor the intervener's petition disclosed that the debts respectively sued on, or either of same, were contracted for the benefit of her separate estate, or any other fact that authorized such judgment against her. Trimble v. Miller, 24 Tex. 214; Covington v. Burleson, 28 Tex. 368; Noel v. Clark, 25 Tex. Civ. App. 136, 60 S. W. 359.

The judgment will be so reformed as to deny to appellee Beard and also to appellee bank relief against Selma Pierson other than the foreclosure awarded against her of their respective liens. As so reformed, the judgment will be affirmed.