## WINTER et al. v. DAVIS.  (No. 2960.)*

Court of Civil Appeals of Texas. Amarillo.
Feb. 1, 1928.

Rehearing Denied March 7, 1928.

F. P. Works, of Amarillo, for appellants.

Glenn R. Lewis, of San Angelo, for appellee.

JACKSON, J. J. B. Davis, on October 12, 1922, instituted a suit in the district court of Deaf Smith county, Tex., styled J. B. Davis v. E. H. Shore et al. (No. 1374). The suit was against B. A. Winter, E. H. Shore, and O. M. Shore, on three notes, aggregating, in principal, the sum of $2,500. The notes sued on were given as part of the purchase money for lots Nos. 3 and 4 in block No. 40 of the town of Hereford, in Deaf Smith county, Tex. The deed conveying said lots described said notes and retained a lien to secure the payment thereof.

The plaintiff in said suit alleged that said lots were, on May 17, 1921, conveyed by O. M. Shore to E. H. Shore, who executed the notes sued upon as part consideration for said lots; that thereafter, for a valuable consideration, O. M. Shore sold and indorsed said notes to B. A. Winter, who thereafter, for a valuable consideration, sold and indorsed the notes to him; that default had been made in the payment of said notes, and by reason thereof he was entitled to and sought judgment for his debt, principal, interest, attorney's fees, and costs, and a foreclosure of his lien on the above-described property against each of the defendants.

He alleged that E. H. Shore resided in Deaf Smith county, Tex., O. M. Shore resided in Wise county, Tex., and B. A. Winter resided in Santa Fé county, N. M.

On May 2, 1923, the court rendered judgment in said cause in favor of J. B. Davis for the total sum of $4,503.77, with interest thereon at the rate of 10 per cent. per annum, against each of the defendants in said suit, and foreclosed the lien against the property. The judgment directed an order of sale to be issued in favor of the plaintiff, which was done, and in due time the property sold as under execution, and purchased by J. B. Davis for the sum of $500, and, after the costs were paid, the judgment was cred-

*Writ of error refused.

ited with .$462.60. The judgment provided that, if the property should not sell for enough to satisfy the debt, interest, and costs, the balance should be made as under execution against the defendants.

This judgment was kept in force, abstracted, filed, and indexed on the judgment lien record of Potter county, Tex., and on December 11, 1926, J. B. Davis caused a pluries execution to be issued to the sheriff of Potter county, Tex., commanding that he collect the balance of said judgment out of any property belonging to any of the defendants, subject to sale, which execution was levied upon certain property in Potter county, Tex., belonging to B. A. Winter.

On January 15, 1927, B. A. Winter, as plaintiff, instituted suit in the district court of Deaf Smith county, Tex., against J. B, Davis, E. H. and O. M. Shore, as defendants, in cause No. 1611, to restrain J. B. Davis and the sheriff of Potter county from further proceeding under said pluries execution or any other based on the judgment in cause No. 1374, and prayed that said judgment be canceled, vacated, annulled, and held for naught, and that said abstract of judgment and all liens be canceled and annulled.

In cause No. 1611, B. A. Winter, the plaintiff, alleges that the clerk of the district court of Deaf Smith county, Tex., in cause No. 1374, issued a citation addressed to the sheriff or any constable of Deaf Smith county, commanding that B. A. Winter be summoned to be and appear before the district court of said county on April 30, 1923, to answer the petition of J. B. Davis in said cause; that the nature of the demand was stated in said citation by pasting therein an uncertified copy of the petition; that the return of the sheriff on said citation discloses that it was received by him on November 9, 1922, and executed in Deaf Smith county by delivering it to B. A. Winter; that the petition in cause 1374 alleged the residence of B. A. Winter to be "in Santa Fé county, N. M."; that no supplemental or additional pleadings were filed by the plaintiff in said cause, showing any different place of residence of B. A. Winter, and no other additional authority or direction was given by the clerk for the issuance of notice or citation to him, except that contained in the original petition; that, based on said petition and this purported service, the judgment was rendered in said cause in favor of J. B. Davis against the defendants, the lien foreclosed on said property, etc.; that no service or notice or citation of any kind was ever served upon him, save and except the one above described; that he did not read said citation, because he thought it was a paper in connection with a different suit, was not informed of its contents, and had no notice or knowledge that judgment was sought against him on the notes sued on, or that judgment had been

rendered against him until in March, 1924, when his attention was called to the filing of the abstract of judgment in Potter county, and that the term of court at which the judgment in 1374 was rendered had long since expired, and it was too late to appeal from said judgment or sue out a writ of error; that said petition did not authorize the issuance of said citation, and the issuance thereof was without authority of law, and the attempted service upon him was wholly void and of no force or effect, because on November 2, 1922, and for many months preceding and following that date, he was a permanent resident and citizen of the state of New Mexico, and was not a resident of Deaf Smith county, Tex.

The plaintiff in the case at bar sets up, as a meritorious defense to the suit in cause No. 1374, that the property against which a foreclosure was had exceeded in value the amount of the judgment, and that all of said notes were primarily the obligation of E. H. Shore, who sold them to O. M. Shore, and that O. M. Shore had sold and indorsed the notes to B. A. Winter, from whom the plaintiff in cause No. 1374 acquired them; that both O. M. and E. H. Shore, as prior indorsers, were liable for the full amount of said notes before recourse could be had upon the property of B. A. Winter, all of which he would have shown had he been legally served; that, inasmuch as he was a nonresident of the state of Texas at the time of the purported service upon him in Deaf Smith county, no personal judgment could be legally rendered against him on the notes.

The defendant J. B. Davis answered by general demurrer, special exceptions, general denial, and pleaded two-year limitation, the negligence of the plaintiff in failing to answer, seek a new trial, appeal, or apply for a writ of error in cause No. 1374, and that all the defendants in said suit were properly and legally served with process; that the judgment was valid and became final because no appeal or writ of error was prosecuted therefrom; that the lien held by him against the lots in Hereford, Deaf Smith county, was a second lien, and of but little value; that an abstract of said judgment was properly made, certified, and filed with and recorded by the county clerk of Potter county, Tex., in the judgment records of said county, duly indexed, and thereby became and constituted a lien against lots Nos. 1, 2, 3, 4, 5, and 6, in block 38, lot No. 12 in block No. 70, and lots Nos. 1 and 2 in block No. 104, all situated in Amarillo, Potter county, Tex., and all of which belonged to the plaintiff and Kate M. Winter, his wife, who, he alleged, was asserting some kind of claim thereto, and asked that she be made a party and for a foreclosure of his said judgment lien.

E. H. and O. M. Shore filed no answer and made no appearance.

Without the intervention of a jury, the case was submitted to the court, and he found that B. A. Winter was duly served in Deaf Smith county with citation and a certified copy of plaintiff's petition issued upon proper authority in cause No. 1374; that Winter knew of the pendency of said suit, and that personal judgment was sought against him; that he was negligent in not answering, moving for a new trial, or otherwise availing himself of his legal remedies; that he had no defense to the cause of action set up in the petition in cause No. 1374; at the time the judgment was rendered. In the case at bar, decree was entered that Winter take nothing by his suit, and J. B. Davis have judgment foreclosing his abstract lien, as sought. From this judgment in favor of J. B. Davis, hereinafter called appellee, B. A. Winter and his wife, hereinafter called appellants, prosecute this appeal.

The appellants, by several assignments, all of which may be considered together, challenge the action of the court in holding that the judgment rendered against B. A. Winter in cause No. 1374 was valid and rendering judgment against them in the case at bar, because it affirmatively appears that the petition in cause No. 1374 alleged the residence of B. A. Winter to be in Santa Fé county, N. M., and the citation served upon him in Deaf Smith county, Tex., was issued without authority of law, and the judgment rendered by default against him in said cause, on the issuance and service of said citation, was void.

The record discloses that, in cause No. 1374, J. B. Davis, in his petition, alleged that B. A. Winter resided in Santa Fé county, N. M., that E. H. Shore resided in Deaf Smith county, Tex., and O. M. Shore in Wise county, Tex.; that E. H. Shore and O. M. Shore were duly served, and citation in said suit was served on B. A. Winter in Deaf Smith county, Tex., on November 9, 1922, with an accompanying certified copy of the plaintiff's petition, commanding him to appear and answer at the next term of said court, which was April 30, 1923; that, at the time of the institution of the suit and the service of the citation B. A. Winter resided in Santa Fé county, N. M., but at the time of the service of the citation he was in Hereford, in Deaf Smith county, Tex.; that on April 10, 1923, he wrote Mr. J. B. Davis from Amarillo, Tex., and, among other things, stated:

"I see you are suing in the Ed Shores matter, which is all right with me. So the first time I see him, will see, if I can get him to deed you that property. I will be keeping house when you come up so will assure you that I will be glad to have you make our house your home while here. So come up if you can."

The record discloses that an order of sale was issued and lots 3 and 4 in block No. 40, in the town of Hereford, Deaf Smith county, Tex., were sold at sheriff's sale and purchased by J. B. Davis for $500, and the judgment credited, after the costs were paid, with the sum of $462.60.

It is conceded by both parties that an abstract of the judgment in cause No. 1374 was properly filed and indexed in Potter county, Tex.; that execution was issued to the sheriff or any constable of said county, on the 11th day of December, 1926, delivered to the sheriff, and executed on the 20th day of December thereafter, by levying on the lots hereinbefore described against which the appellee asserted his abstract lien; that shortly thereafter B. A. Winter consulted with his attorney in this case, who requested the clerk of Deaf Smith county to make a careful search for all papers in cause No. 1374 and send them to him at Amarillo, Tex.; that, in response to this request, he received the original pouch with various papers, including the original petition, but did not receive any supplemental petition or further pleading by J. B. Davis in said suit; that he specifically asked for any supplemental petition filed, but received none; that L. H. Foster became clerk of the district court of Deaf Smith county, Tex., on January 1, 1927, since which time he has had custody and charge of the records and filed papers of the office; that he had searched for the court papers in cause 1374, but did not remember particularly about a supplemental petition; that he gave to appellants' lawyers all the papers he found when requested to do so at the beginning of the trial of this case; that Mr. Berry Orr preceded him as district clerk, and lived about two or three miles from Hereford; that Mr. Orr was the clerk who forwarded the papers to appellants' attorney in Amarillo; that Mr. Lee Biggs was the clerk of the district court preceding Mr. Berry Orr; that the fee book did not disclose the issuance of any process to B. A. Winter to Santa Fé county, N. M. However, an inspection of the part of the fee book and execution docket copied into this record as testimony reveals that the issuance of process and writs and the return thereof were not accurately or correctly kept; some of those introduced in evidence not being noted in said records. The judgment in cause No. 1374 recites that "the defendants, E. H. Shore, O. M. Shore, and B. A. Winter, though duly cited, having failed to appear and answer in this behalf, but wholly made default," etc.

To sustain the contention that there was no valid service upon B. A. Winter and the judgment rendered upon the purported service was void, appellants cite Shambeck v. Johnson (Tex. Civ. App.) 281 S. W. 349, and the authorities therein cited. These authorities, however, are dealing with the issuance of process under article 2022, R. C. S. 1925. Article 2035, R. C. S. 1925, provides:

"When any process has not been returned, or has been returned without service, or has been

improperly served, the clerk shall, upon the application of any party to the suit, his agent or attorney, issue other process to the same or any other county as the applicant may direct."

No amended petition is required before alias process is issued. Baber v. Brown, 54 Tex. 99; Lauderdale et al. v. R. & T. A. Ennis Stationery Co., 80 Tex. 496, 16 S. W. 308; Pierson v. Beard (Tex. Civ. App.) 181 S. W. 765.

 If a party to a suit makes application in writing for alias process under this article, such application need not be served with a copy of the petition. Gillmour v. Ford (Tex. Sup.) 19 S. W. 442.

In Lauderdale et al. v. R. T. Ennis, etc., supra, it is said:

"While the original process should be directed to the county in which plaintiff's pleadings allege the parties to be served reside, it is proper upon the existence of any contingency mentioned in article 1247 [now 2035] of the Revised Statutes for the clerk to issue alias process to the same or any other county as directed without an amendment of the pleading of the plaintiff; and when such process is found in the record properly served it will be presumed that its issuance was properly directed. * * *"

"The burden is on appellants to show error entitling them to the relief they ask at the hands of this court." Pierson v. Beard (Tex. Civ. App.) 181 S. W. 765.

In our opinion, they failed to discharge this burden, and the court was authorized to conclude that the judgment against B. A. Winter in cause No. 1374 was valid and enforceable.

It was incumbent on appellants, in order to set aside the judgment, to prove that B. A. Winter was not served, or had a good excuse for not answering and making his defense on the trial, and, as he failed in this, it is unnecessary to determine whether or not he pleaded a meritorious defense. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195.

The judgment is affirmed.