**BUCHANAN v. HUNTER et al. (No. 2218.)**

Court of Civil Appeals of Texas. El Paso.
Jan. 17, 1929.

Rehearing Denied Feb. 7, 1929.

Whitaker & Peticolas, of El Paso, for appellant.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellees.

HIGGINS, J. Appellee Hunter sued G. P., F. O. and F. L. Fancher and M. G. Buchanan on two notes executed by G. P. and F. O. Fancher to the order of plaintiff, secured by vendor's lien on land. It was alleged the notes were guaranteed by F. L. Fancher and the payment thereof assumed by Buchanan, to whom the land had been conveyed.

Buchanan moved to quash the citation served upon him which was overruled. No answer to the merits was filed by him. Judgment was rendered against all defendants for $17,070, with foreclosure of lien, from which Buchanan appeals, assigning as error that the court erred in overruling his motion to quash the citation, that the service upon him was insufficient to support the judgment by default against him, and the judgment is excessive.

The propositions presented by him are overruled for the reasons, briefly stated, as follows:

■ The petition complained of "M. G. Buchanan of Culberson County, Texas." This sufficiently designated Culberson county as appellant's residence. Smith v. Bank (Tex. Civ. App.) 267 S. W. 1016; Id. (Tex. Com. App.) 291 S. W. 208; First Nat. Bank v. First State Bank (Tex. Com. App.) 291 S. W. 206; Sunset v. Kelly (Tex. Civ. App.) 203 S. W. 921.

■ The original citation issued to Culberson county. It was returned not served; the return showing Buchanan "not in county." Thereafter, upon oral request of plaintiff, alias citation was issued to Ector county and there served upon Buchanan.

In this state of the record the clerk was authorized to issue the alias citation to Ector county upon the verbal request of the plaintiff without amendment of the petition or other written suggestion that appellant could be found and served in Ector county. Lauderdale v. Ennis, etc., Co., 80 Tex. 496, 16 S. W. 308; Pierson v. Beard (Tex. Civ. App.) 181 S. W. 765; Ft. Worth & D. C. Ry. Co. v. Hagler, 38 Tex. Civ. App. 52, 84 S. W. 692.

■ The citation issued to Ector county was indorsed "Alias Citation." The fact that it did not show the number of citations previously issued does not invalidate the process.

Articles 2022 and 2035, R. S., make no such requirement with respect to citations upon the institution of suits. In this respect these articles differ from article 2262, R. S., governing alias and pluries citations upon writ of error.

The return of the sheriff upon the alias citation shows that a certified copy of the petition was served upon appellant. There is nothing in the record impeaching the verity of this return.

■ The sixth proposition is that the judgment is for $327.34 more than the amount shown to be due by the notes. This could only be sustained by allowing two credits claimed but not shown by the petition. According to the indorsements on the back of note No. 1, the claimed credit of $840 was made after the suit was filed. No plea of such payment having been filed (indeed no answer to the merits whatever was filed), the question cannot be raised for the first time in this court. Especially is this true in view of the fact that, though motion for new trial was filed, the matter was not called to the attention of the trial court.

Affirmed.