**THOMPSON et al. v. MAYHEW LUMBER CO.**

No. 3511.

Court of Civil Appeals of Texas. El Paso.

April 8, 1937.

Walter Stout, of San Antonio, for appellants.

Johnson & Long, of Carrizo Springs, for appellee.

HIGGINS, Justice (after stating the case as above).

Appellants' propositions present but two points, the first of which is the court erred in overruling the motion to quash the citations.

Briefly stated, the court found citation was duly issued to Atascosa county where the petition alleged the defendants resided. The citation was returned unserved by the Atascosa county officer with the information that one of the defendants resided in Frio county and the others in Medina county; whereupon plaintiff's attorney verbally requested the clerk to issue citations to Frio and Medina counties. The clerk then issued citations to said counties, and same were duly served. No assignment challenges the accuracy of these findings. The evidence shows the original citations were used, the clerk simply causing the word Atascosa to be erased by his deputy, and Frio interlined in the citation to that county, and Medina interlined in the citation to that county.

Appellants' theory is that since the petition alleged the residence of the defendants to be in Atascosa county, the clerk had no authority to issue citations to Frio and Medina.

The citations to Atascosa county having been returned by the officer of that county unserved, the clerk was authorized to issue other process to such other counties as the plaintiff's attorney directed. Article 2035, R.S. It was not necessary for an amended or supplemental petition to be filed by plaintiff showing the residence of the defendants to be in Frio and Medina counties. 33 Tex.Jur., Process & Notice, § 14; Lauderdale v. R. & T. A. Ennis S. Co., 80 Tex. 496, 16 S.W. 308; Gillmour v. Ford (Tex. Sup.) 19 S.W. 442; Pierson v. Beard (Tex.Civ.App.) 181 S.W. 765.

Nor was it necessary for plaintiff to make application in writing for the issuance of the citations to Frio and Medina counties. The verbal request of plaintiff's attorney was sufficient. Buchanan v. Hunter (Tex.Civ.App.) 13 S.W.(2d) 451; Fort Worth & D. C. R. Co. v. Hagler, 38 Tex.Civ.App. 52, 84 S.W. 692; Pierson v. Beard, supra.

The fact that the citations to Frio and Medina counties did not show they were alias citations did not invalidate the process. Buchanan v. Hunter, supra.

As we understand appellants' remaining propositions, they present the point that by virtue of the common source agreement and pleading, plaintiff was precluded from showing the superiority of its title under the reconveyance to it by Stuessy.

The judgment lien of the defendants is subordinate to the title of plaintiff. Silliman v. Gammage, 55 Tex. 365; Tankersley v. Jackson (Tex.Civ.App.) 187 S.W. 985; Elliott v. C. C. Slaughter Co. (Tex.Civ.App.) 236 S.W. 1114.

Nor did the common source agreement preclude plaintiff from showing the facts establishing the superiority of its title under the reconveyance from Stuessy over the judgment lien of the defendants. Taylor v. Doom, 43 Tex.Civ.App. 59, 95 S.W. 4.

The judgment is affirmed.