**SANDEL et al. v. DAILEY et al.**

No. 10999.

Court of Civil Appeals of Texas. Galveston.

May 23, 1940.

Brownlee & Brownlee, of Madisonville, for plaintiffs in error.

Kennedy & Granberry, of Crockett, for defendants in error.

GRAVES, Justice.

These separate statements are taken—in order of precedence—from the respective briefs of the parties here:

"On the 5th day of October, 1937, Ada Masters purchased a Chevrolet automobile from Grapeland Motor Company, a partnership composed of Mrs. Leoti Dailey, feme sole, B. E. Dailey, and C. T. Dailey, in Houston County, Texas, and gave the usual conditional sales contract, and signed it in the amount therein stated and on the terms provided. At the time Ada Masters was a feme sole. In October, 1938, Ada Masters married Roland Sandel, and on the 28th day of October, 1938, defendants in error (the three Daileys) brought suit against Ada Sandel and husband, Roland Sandel, for the balance due on said note. An affidavit for sequestration was made, but no writ of sequestration appears in the transcript, nor any return. A replevy-bond for the automobile does appear, executed by Ada Sandel and Roland Sandel, as principals, and T. S. Burtis and R. C. Burtis, as sureties. Judgment by default was entered against the two principals on the bond, Ada Sandel and husband, Roland Sandel, who were the defendants in the original suit, for the amount of the debt on the note or conditional sales contract ($369.75), and against the two sureties on the bond. All of the defendants filed their petition for writ of error in due time and bond was made and citation issued, served, and returned in proper order and time, and this appeal is now before this court on writ of error for a review of the judgment of court below. In passing, it will be observed that an order of sale was issued, and the automobile in question sold before the time for appeal had expired, leaving a deficiency stated in the return against all plaintiffs in error."

"The above statement of the nature and result of this case, which appears on pages 1 and 2 of appellants' (plaintiffs-in-error's) brief, are not challenged. Before submitting their propositions, appellees (defendants in-error) state that appellants' proposition No. 2 is correct, and should be sustained. In that proposition appellants complain of a personal judgment, which was rendered against Roland Sandel, the husband of Ada Sandel, when the note in question was executed by Ada prior to their marriage. Manifestly appellant Roland Sandel was not liable for a debt contracted by his wife before their marriage. Appellees suggest that they be allowed to file a release in so far as Ro-

land Sandel is concerned, or that the case be reversed as to him."

The defendants-in-error having thus confessed error as to the award of a personal recovery against the husband for the separate debt due by the wife, which is also apparent on the face of the record as being directly violative of R.S. Article 1985, that much of the judgment is reversed and the cause on that count is hereby rendered in the husband's favor.

The other two contentions for reversal —in effect that the citations in the suit were both improperly issued to and served in Madison County, and that the sequestration-affidavit was not made in accordance with the facts, nor was any sequestration-writ at all issued or returned thereunder—are overruled.

This court, on examination of the record brought here, finds no structural invalidity in either of these respects; the original petition alleged that the defendants resided in Harris County, and, presumably at least, since nothing to the contrary appears in the record, the original citations to that county were issued; thereafter the plaintiffs below, on discovering that the defendants they had so sued in Harris County were in fact in Madison County, were entitled to refrain from having the Harris County officers make a nulla bona return on such original citation, but, instead, to direct the clerk of the court where the suit was pending—that is, in Houston County—to issue process to Madison County, where the defendants had been meanwhile ascertained to be; this appears to be the construction our courts have placed upon R.S. Article 2035, in such holdings as these: Saunders v. Gilmer, 8 Tex. 295; Lauderdale v. Ennis Stationery Co., 80 Tex. 496, 16 S.W. 308; Ft. Worth & D. C. R. Co. v. Hagler, 38 Tex.Civ.App. 52, 84 S.W. 692; Pecos, etc., Co. v. Cox, Tex.Civ.App., 141 S.W. 327; Pierson v. Beard, Tex.Civ.App., 181 S.W. 765, error refused; Mosaic Templars v. Smith, Tex.Civ.App., 236 S.W. 175; 50 C.J., "Process", page 573, sec. 292.

Indeed, the cited Lauderdale holding, upon which plaintiffs-in-error rely for a contrary purport, apparently gives that statute the effect stated, in this declaration [80 Tex. 496, 16 S.W. 309]: "While original process should be directed to the county in which plaintiff's pleadings allege the

parties to be served reside, it is proper, upon the existence of any contingency mentioned in article 1227 of the Revised Statutes, for the clerk to issue alias process to the same or any other county, as directed, without an amendment of the pleading of the plaintiff; and when such process is found in the record, properly served, it will be presumed that its issuance was properly directed."

In other words, the rule established in such circumstances seems to be that, in the absence of a contrary showing, it will be presumed that some one or more of the eventualities mentioned in Article 2035 existed, thereby authorizing the issuance of the writ to the county other than that of the residence of the defendants, as alleged in the petition; especially does this seem to be the principle applied in the Pierson v. Beard case, in which writ-of-error was refused.

Likewise, the service in Madison County, on the face of the return made by the sheriff of that county, was regular in all respects, the fact that the constable of Houston County, who, by the terms of the statute itself, had no authority whatever to serve it in Madison County, did in fact append a pseudo return thereon as having been made in Madison County by himself, did not in anywise undermine the other regular return by the proper officer of Madison County, hence it may be disregarded as obviously invalid surplusage. 50 C.J. "Process", page 573, section 292.

Neither are the grounds alleged in the sequestration-affidavit as a basis for the issuance of that writ shown to be insufficient as a matter of law; in the first place, the plaintiffs-in-error are in no position to complain on this appeal of the adequacy of that affidavit, because they made no such objection against it in the trial court; furthermore, they admitted that a writ-of-sequestration had been issued, pursuant to that affidavit, although the writ itself is not shown in this record; their replevy-bond does appear as having been executed and delivered by all the plaintiffs-in-error, the Sandels, as principals, and the Burtis' as sureties; wherefore, since the original petition below alleged, both that the defendants-in-error were the owners of and entitled to the possession of the automobile involved, and also, in the alternative, that they held a mortgage lien against it, of which they sought fore-

closure, and since the affidavit for sequestration likewise, in essentially the same manner, set up both of these alternative claims, no structural invalidity in this respect appears, and the plaintiffs-in-error—having so executed the replevy bond—are estopped to now say on appeal for the first time that no writ of sequestration was ever issued. Article 6840; Tyson v. First State Bank, Tex.Civ.App., 154 S.W. 1055; Southern Surety Co. v. Adams, 119 Tex. 489, 34 S.W.2d 789; Hearn v. Harless, Tex.Civ.App., 154 S.W. 613; Smith v. Citizens' Nat. Bank, Tex.Civ.App., 246 S.W. 407; Calvert v. Bennett, Tex.Civ.App., 286 S.W. 303, error dismissed; Wandelohr v. Grayson County Bank, 102 Tex. 20, 108 S.W. 1154, 112 S.W. 1046; Woolley v. Nelson, Tex.Civ.App., 250 S.W. 481; 3 Tex.Jur., Appeal and Error, page 759, sec. 542.

It follows that the trial court's judgment should be in part reversed and rendered, and in part affirmed; it will be so ordered.

Reversed and rendered in part, affirmed in part.