## W. Y. DAVIDSON ET AL. v. HEIDENHEIMER BROS.

### (No. 313.)

SHERIFF'S BOND — SURETIES.— Where the principal and sureties on a bond have been duly served, but do not appear and answer to a suit on the same, the plaintiffs may, by amendment, allege the principal's insolvency and discontinue as to him, and take judgment by default against the sureties without having them served with notice of such amendment.

SERVICE — RETURN — PRACTICE.— Service of a citation citing the defendant to appear and answer on the "second Monday in Monday, A. D. 1874," is insufficient to give the court jurisdiction of the person of defendant, and will not require him to answer. It is a matter of essential substance that the citation served on defendant state the time and place of holding the court, and the failure to do so cannot be supplied by implication or otherwise.

WRIT OF ERROR from Navarro county. Opinion by WATTS, J.

STATEMENT.— This was a suit instituted by Heidenheimer Bros. to the March term, 1874, of the district court of Navarro county, against J. H. Brent as principal, and W. Y. Davidson, J. A. Gowan, R. B. Johnston, I. B. Taylor and

H. V. Hurlock, as sureties on the official bond of J. H. Brent as sheriff of Navarro county.

The plaintiffs alleged in their petition that Brent failed to pay over to them $650, which came into his hands as sheriff, and to which they were entitled; that the residence of Brent is unknown; and for the purpose of procuring service against him by publication, for which they pray, Geo. D. Morris, Esq., one of the attorneys for plaintiffs, made and appended to their petition, at the date of filing an affidavit, that the residence of J. H. Brent is unknown to him.

Personal service had on each of the sureties, and publication of citation against Brent made.

On the 25th day of the same term, none of the defendants having appeared and answered in the case, plaintiffs amended their petition, alleging in their amendment the insolvency and non-residence of Brent, discontinued as to him, and, without notice to them of the filing of such amendment, took judgment by default against the sureties, who come up to this court on error.

The citation served on the appellant, J. A. Gowan, stated the time of holding the court to which he was cited to appear, to be on the second Monday in Monday, A. D. 1874.

The errors assigned and relied on are, in effect, as follows:

1. The court erred in allowing appellees to discontinue as to Brent, and giving judgment by default against appellants without any notice being given to them of such discontinuance.

2. That the citation served on Gowan was a nullity and conferred no jurisdiction on the court, etc., because the time for holding the court was not therein stated.

OPINION.— The amended petition filed by appellees, alleging the notorious insolvency of Brent, the principal in the bond sued on, did not set up a new cause of action, or so change the nature of the suit, as made by the original

petition, as would require service thereof to be made upon appellants. They had been served, and were, in contemplation of law, in court, and attending to their interest, so far as said suit was concerned; they knew or ought to have known that the law authorized a discontinuance as to Brent, upon either of the grounds alleged in the amended petition; they are, therefore, charged with the knowledge that appellees may discontinue as to Brent at any time, and if they desired to contest the fact of his being a non-resident or notoriously insolvent, they should have been in court either in person or by attorney.

The first error assigned is not well taken.

The statute imperatively requires that the citation shall state the time and place of holding the court; the citation served on appellant Gowan, in respect to the time of holding the court, is, in legal effect, precisely the same as if the month had been left blank.

Appellees insist that as the citation does state "at the next term," etc., and as the prayer of the petition is that the appellants be cited to appear at the next term, stating the place, and the day, the month and the year, that this was sufficient.

The time of holding the court must be stated in the citation; in this respect it is matter of essential substance, and cannot be dispensed with nor supplied by implication or cured by allegations in the petition. See Covington v. Burleson, 28 Tex., 370.

The citation is the means prescribed by the statute for acquiring jurisdiction over the person of the defendant, and there is no other mode of service that can be substituted for that prescribed.

REVERSED AND REMANDED.