## No. 2384.

### R. W. CRAWFORD ET AL. v. LAURA S. WILCOX ET AL.

1. VARIANCE.—In a suit on a promissory note payable to the plaintiff as guardian, in which the ward's name is correctly set forth, a variance between the judgment entry which erroneously gives the initial letter of the ward's middle name, and the petition is immaterial. The allegation of the fiduciary character in which the guardian sues when the note is made payable to him as guardian is but a *descriptio personæ*, which might be omitted altogether without affecting the judgment.

2. SERVICE OF CITATION.—When the suit is against several who are described in the petition as residents of another county, but temporarily in the county where the suit is brought, and in which another defendant resides, if there be no service, a supplemental petition is not requisite to authorize an alias citation to the county of the residence of the defendants. When service is made on the party outside of the county in which the suit is pending, it is the duty of the officer to deliver to him a certified copy of the petition whether the writ so commands or not.

ERROR from Waller. Tried below before the Hon. William H. Burkhart.

*Harvey & Browne,* for plaintiffs in error, cited Revised Statutes, articles 1215, 1216, 1226, 1227 and 1443; Ward v. Lattimer, 2 Texas, 245; Taylor v. Pridgen, Texas Law Review, volume 6, No. 7, page 105; Phil C. Duer v. Endres & Co., White & Willson's Condensed Reports, 322; Sayles' Practice, first and second

editions, 294; Green v. Hill, 4 Texas, 466; Duncan v. Bullock, 18 Texas, 544; Dickson v. Burke, 28 Texas, 118; Willie v. Thomas, 22 Texas, 176; Wood v. Smith, 11 Texas, 368; Burleson v. Henderson, 4 Texas, 59, 60; Taylor v. Pridgen, 3 C. C., 115; Texas Law Review, volume 6, page 208, date, March 30, 1880; Harris v. Petty, Texas Law Review, volume 6, page 561.

*C. R. Breedlove,* for defendant in error, cited Revised Statutes, articles 1213 and 1214; Revised Statutes, article 1227; 65 Texas, 621; 14 Texas, 358.

WILLIE, CHIEF JUSTICE. The defendants in error sued J. A. Peebles, R. W. Crawford and W. F. Durr on a promissory note made payable to "Laura S. Wilcox, guardian of W. B. Wilcox, minor, and Fannie J. Wilcox," and alleged that Peebles was a resident of Waller county, when the suit was brought, and that the other two defendants were residents of Hays county, but temporarily in the county of Waller. Citations for all the defendants were issued to Waller county, but those for Durr and Crawford were returned without service. Alias citations were issued immediately to Harris county, the return upon which showed that the two defendants had each been served with a copy of the citation and also a certified copy of the petition. All the defendants having failed to answer, judgment by default was taken against them, in which Laura Wilcox was described as the guardian of W. P. Wilcox, minor, and from this judgment the present writ of error was sued out.

The assignment of error which objects to the judgment for a variance in the initial letter of the minor's middle name hardly deserves to be noticed. This letter was of no importance in identifying the minor; and, besides, the addition of "guardian," etc., after Laura Wilcox's name was a mere *descriptio personœ,* and might be rejected altogether without affecting her right to sue and obtain judgment upon the note.

There was no necessity for a supplemental petition to authorize citation to issue to Harris county. The statute says that citation may issue to the county where the defendant is alleged to reside or be, and Crawford and Durr were alleged to reside in Harris county. A supplemental petition could have alleged no more, and hence could not have given better directions to the clerk as to where he should send the process than was already contained in the petition on file.

Articles 1215 and 1443 of the Revised Statutes prescribe what the citation shall command. There is nothing in either of these articles which requires that the writ shall order the officer to whom it is directed to deliver to the defendant a certified copy of the petition. Article 1220 does prescribe that the officer serving a defendant outside of the county where the suit is pending shall deliver to him a certified copy of the petition. This is made his duty by the statute, and must be done whether the citation so commands or not. The officer's return shows that he fully and literally complied with this provision of the statute, and the citations following in all respects the form prescribed in articles 1215 and 1443, the process and service were good, and the judgment by default was properly taken. This disposes of all the objections taken by the plaintiff in error. The judgment will be affirmed; but as it is not apparent that the case was brought here for delay, as suggested by the defendants in error, no damages will be awarded.

*Affirmed.*