SAM LAZARUS V. L. C. BARRETT ET AL.

No. 245.

**1. Citation—Service Outside of County—Copy of Petition.**—Where service of citation is had outside of the county in which the suit is instituted, the defendant must be furnished with a certified copy of plaintiff's petition; and where such copy is not certified, judgment by default is unauthorized.

**2. Judgment not Warranted by the Pleadings.**—A pleading asking a partition of lot 5, block 14, does not support a decree awarding a partition of lot 15, block 14.

ERROR from Clay. Tried below before Hon. GEORGE E. MILLER.

*R. D. Welborne* and *Head & Dillard*, for plaintiff in error.— 1. Where service is made outside of the county in which the suit is pending, it is necessary, to support a judgment by default, that the return of the officer show that a certified copy of the petition was delivered to the defendant. Sayles' Civ. Stats., arts. 1220, 2513; Graves v. Drane, 66 Texas, 658; Durham v. Betterton, 79 Texas, 223; Railway v. Pope, 1 W. & W. C. C., 242.

2. The pleading and citation will not support a judgment by default, or any other judgment, against plaintiff in error for lot 15 in block 14, inasmuch as such pleading and citation described the property as lot 5 in block 14. Throckmorton v. Davenport, 55 Texas, 236; Burnett v. Harrington, 58 Texas, 363; Faver v. Robertson, 46 Texas, 204.

No brief for defendants in error reached the Reporter.

TARLTON, CHIEF JUSTICE.—This is a suit for partition, in which judgment by default was rendered against Sam Lazarus, plaintiff in error, as one of the defendants in the action.

The original petition, filed August 27, 1889, alleged the residence of the defendant Lazarus to be in Grayson County. Afterwards, on March 1, 1890, no citation having issued on the original petition, plaintiffs filed a paper styled " first supplemental petition," averring " that the defendant, Sam Lazarus, who lives in Grayson County, is temporarily in Tarrant County, Texas," and praying for citation to the latter county. Thereupon, on March 8, 1890, citation was issued to Tarrant County, requiring the defendant to answer the petition filed August 27, 1890, but ignoring the supplemental petition, of which the defendant had no notice. The citation thus issued was accompanied with a copy (not *certified*, however) of the original petition. This process was served by the sheriff of Tarrant County, as indicated by the following return: " Came to hand this the 12th day of March, A. D. 1890, at — o'clock, m., and executed the 12th day of March, A. D. 1890, by delivering to Sam Lazarus, the within named defendant, in person, a true copy of this writ, together with the accompanying copy of plaintiffs' petition."

We do not think such service sufficient to authorize the judgment by default. Our statute (article 1220, Sayles' Civil Statutes), unlike the provision (Paschal's Digest, article 1433) which preceded it, and for which it was substituted, requires, in order to effect service, that to a defendant residing without the county in which the suit is pending, the officer shall deliver the *certified* copy of the petition accompanying the citation."

While it is not necessary that the copy of the petition shall be authenticated by the seal of the court, we yet think that it must be attested by the certificate of the officer who issues it, and this in order that the absent defendant may *know with certainty* the character of the complaint against him. That which purports to be a mere copy, possibly or probably made by any person, however irresponsible, would not answer the purpose stated. Requirements with reference to the service of citations, justifying default judgments, are not supplied by intendment. Railway v. Pope, 1 W. & W. C. C., sec. 242; Durham v. Betterton, 79 Texas, 223; Graves v. Drane, 66 Texas, 658; Crawford v. Wilcox, 68 Texas, 109.

In this case the petition seeks a partition of lot 5 in block 14, in the town of Henrietta. The decree awards a partition of lot 15 in block 14. The pleading does not support the decree, which is accordingly erroneous. Throckmorton v. Davenport, 55 Texas, 236; Burnett v. Harrington, 58 Texas, 363.

We abstain from considering other questions presented, as a recurrence of them may be easily avoided on another trial.

For the errors pointed out, the judgment is reversed and the cause is remanded.

                                          *Reversed and remanded.*

Delivered November 1, 1893.

Justice HEAD did not sit in this case.