S. C. TYLER v. J. W. BLANTON ET AL.

Decided January 30, 1904.

**Citation—Copy of Petition—Judgment by Default.**

Where plaintiff's petition did not state the county of defendant's residence, and the citation was issued to a county other than that in which the suit was brought, and was served on defendant there without any accompanying copy of plaintiff's petition, such citation and service were insufficient to sustain a judgment by default. Rev. Stats., arts. 1191, 1214, 1215, 1219.

Error from the County Court of Sherman. Tried below before Hon. S. T. Fagan.

*Browning, Madden & Truelove,* for plaintiff in error.

CONNER, CHIEF JUSTICE.—S. C. Tyler prosecutes this writ of error from a judgment by default against him in favor of the defendants in error in the County Court of Sherman County, for the sum of $300 as damages upon the cause of action stated in the petition therefor. The petition in the County Court fails to state the residence of plaintiff in error; citation, however, was issued by the county clerk of Sherman County directed "to the sheriff or any constable of Hansford County," commanding the presence of plaintiff in error before the County Court of Sherman County at its next regular term to be held on the first Monday in February, 1903. It does not appear that a certified copy of the petition accompanied the citation, and the return upon the citation is as follows: "Came to hand the 14th day of January, 1903, at 7 o'clock p. m., and executed the 19th day of January, 1903, by delivering to the following named defendant S. C. Tyler, in person, a true copy of this citation. (Signed) Bert O. Cator, Sheriff, Hansford County, Texas."

One of the requirements of a petition is that it "shall set forth clearly the names of the parties and their residences if known." Rev. Stats., art. 1191. Revised Statutes, article 1212, provides that "When a petition shall be filed with the clerk * * * it shall be his duty to issue forthwith a writ of citation for the defendant." Article 1214 provides that "such citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be." No authority therefore for the issuance of the citation by the clerk is found in the petition, and it is well settled that when served without the county in which the suit is pending, "the officer shall also deliver" to the defendant in person a certified copy of the petition which it is provided shall accompany the citation. See Rev. Stats., arts. 1215, 1219; Lauderdale v. Ennis Stationery Co., 80 Texas, 496, 16 S. W. Rep., 308; King v. Goodson, 42 Texas, 153; Crawford v. Wilcox, 68 Texas, 109; Pruitt v. State, 92 Texas, 434.

We conclude that the proceedings are insufficient to support the judgment by default, and the judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*