FRIEND v. THOMAS et al.   (No. 8400.)

(Court of Civil Appeals of Texas. Ft. Worth. June 10, 1916.)

1. PLEADING ⬤⟝46—PARTIES—DESIGNATION OF RESIDENCE—STATUTE.

Under Rev. St. 1911, art. 1827, declaring that the petition of plaintiff in a suit shall clearly set forth the names of the parties and their residence, if known, article 1850, requiring the clerk upon the filing of a petition to issue a writ of citation for the defendant, and article 1852, providing that such citation shall be directed to the sheriff of any county where the defendant is alleged to reside, a petition wholly failing to allege the residence of either of the defendants did not authorize the clerk of the county court to command the sheriff of the county to execute citation against the defendants therein.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 101–103; Dec. Dig. ⬤⟝46.]

2. JUDGMENT ⬤⟝17(10) — PROCESS — RETURN OF SERVICE—IMPOSSIBLE DATE.

Under Rev. St. 1911, art. 1864, requiring the return of an officer executing a citation to

be indorsed thereon, and that the writ shall state when the citation was served, a return upon a citation that it came to hand the 19th day of July, 1915, and was "executed the 19th day of July, 191," showing its execution upon an impossible date, would not support a judgment by default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 31; Dec. Dig. ⊝⇒17(10).]

3. COURTS ⊝⇒32—DEFAULT JUDGMENT—REC-ORD—JURISDICTION.

In case of a judgment by default the court's jurisdiction over the defendant must affirmatively appear.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 134, 137, 139; Dec. Dig. ⊝⇒32.]

Error from Wichita County Court, Harvey Harris, Judge.

Suit by J. T. Thomas against E. M. Friend and T. F. Morrow, with answer by defendant Morrow praying that, if plaintiff had judgment, he have judgment over against his co-defendant. Judgment by default against defendant Friend, and he brings error. Reversed, and cause remanded.

Ed Yarbrough, of Electra, and Fitzgerald & Cox, of Wichita Falls, for plaintiff in error. T. R. Boone, of Wichita Falls, for defendants in error.

CONNER, C. J. The defendant in error J. T. Thomas instituted this suit in the county court of Wichita county against the plaintiff in error, E. M. Friend, and T. F. Morrow to recover actual damages in the sum of $140 and exemplary damages in the sum of $250, for an alleged wrongful levy upon and conversion of certain personal property charged to be exempt to the head of a family.

The defendant Morrow answered with a general denial, and also pleaded that, if the levy charged had in fact been made, it was done by him at the instance of E. M. Friend, and he prayed that, if the plaintiff recovered a judgment he (Morrow) have judgment over against his co-defendant.

The plaintiff in error, E. M. Friend, failed to appear or answer, and the judgment against him was taken by default for the full amount of actual and exemplary damages claimed, and from this judgment a writ of error has been prosecuted.

Plaintiff in error by his assignments complains of the insufficiency of the petition upon which the judgment rests, and of the action of the trial court in refusing to consider the motion for new trial presented by him during the term at which the judgment was rendered, and defendant in error urges objections to all of these assignments. Inasmuch, however, as we think the judgment must be reversed for error fundamental in nature, as hereinafter pointed out, and inasmuch as the deficiencies in the plaintiff's petition below may easily be corrected by amendment, and inasmuch as the action of the court in refusing to consider plaintiff in

error's motion for rehearing is immaterial in the view we have taken of the case, we will not stop to discuss the sufficiency of the assignments of error.

[1, 2] The record discloses that the petition of the plaintiff below wholly fails to allege the residence of either of the defendants. It further discloses that a citation was issued to Wichita county on July 17, 1915, commanding service thereof upon the defendants E. M. Friend and T. F. Morrow. The sheriff's return upon this citation is as follows:

"Came to hand the 19th day of July, A. D. 1915, at 9 o'clock a. m., and executed the 19th day of July, A. D. 191, by delivering to T. F. Morrow and E. M. Friend, the within named defendants, each in person a true copy of this writ. G. A. Hawkins, Sheriff Wichita Co., Texas, by J. B. Moore, Deputy."

Revised Statutes 1911, article 1827, among other things, specifically provides that the petition of a plaintiff in a suit "shall set forth clearly the names of the parties and their residence, if known"; article 1850 makes it the duty of the clerk, upon the filing of a petition, to forthwith issue a writ of citation for the defendant; and article 1852 directs, among other things, that "such citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be." The authority, therefore, of the clerk to direct the writ to the sheriff or constable of a named county rests upon the allegations of the petition relating to the residence of the defendant. If, as here, no allegation of the residence of the defendant is made, it cannot be said that upon the face of the record the clerk was authorized to command the sheriff of Wichita county to execute the citation appearing in the record. Tyler v. Blanton, 34 Tex. Civ. App. 393, 78 S. W. 564.

Again, Revised Statutes, article 1864, provides that the return of the officer executing a citation shall be indorsed on or attached to the same, and that the writ, among other things, "shall state when the citation was served"; and it has been held that an officer's return showing its execution upon an impossible date will not support the judgment by default. Thus, in the case of Llano Improvement & Furnace Co. v. Watkins, 4 Tex. Civ. App. 428, 23 S. W. 612, the return of the officer was:

"Came to hand the 24th day of September, A. D. 1891, at 12 o'clock a. m., and executed the 24th day of ——, A. D. 189."

It was held that the return was fatally defective, and could not support the judgment by default in that case rendered.

[3] The statutory proceedings noted, and to which the law exacts a close adherence, are all steps necessary to be successively taken in order to show the court's jurisdiction over the defendant, and in cases of judgment by default such jurisdiction must affirmatively appear. Bates v. Casey Swasey, 61 Tex.

592; Railway v. Rawlins, 80 Tex. 579, 16 S. W. 430; Davidson v. Heidenheimer, 2 Posey, Unrep. Cas. 490; Harrell v. Mex. Cattle Co., 73 Tex. 612, 11 S. W. 863; Thomason v. Bishop, 24 Tex. 302, 303; St. Louis & S. F. Ry. Co. v. English, 109 S. W. 424; Lazarus v. Barrett, 5 Tex. Civ. App. 5, 23 S. W. 822.

We conclude that the judgment below should be reversed, and the cause remanded, for errors apparent upon the face of the record.