## MASSIE DRILLING CO. v. NEES.
### (No. 592–4064.)

(Commission of Appeals of Texas, Section A. Nov. 26, 1924.)

**Judgment ⬅️17(9)—Default judgment held unauthorized, where clerk's authority to issue process for service on agent does not appear.**

Where petition states name of one agent of defendant and county in which process might be had, but clerk of district court wherein petition is filed issues process to be served on 'another agent in another county, which is served accordingly, and record fails to show by what authority clerk issued such citation, default judgment is unauthorized; defendant being not properly before the court.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by G. L. Nees against the Massie Drilling Company. Judgment for plaintiff, and defendant appealed to the Court of Civil Appeals, which affirmed (254 S. W. 629), and defendant brings error. Reversed and remanded.

Bonner, Bonner & Sanford, of Wichita Falls, for plaintiff in error.

W. B. Chauncey and T. B. Greenwood, both of Wichita Falls, for defendant in error.

CHAPMAN, J. This is a separate appeal of Massie Drilling Company from a judgment against it and other defendants in the Eighty-Ninth district court of Wichita county. T. W. Connellee and H. T. Pangburn also appealed from said judgment, and both of said appeals were affirmed by the Court of Civil Appeals. We have had under consideration the appeal of Connellee and Pangburn along with this case, the appeal of said other parties in this court being styled T. W. Connellee et al., Plaintiffs in Error, v. G. L. Nees, Defendant in Error, 266 S. W. 502, and we refer to that case for a statement and history of the case before reaching this court. Judgment by default was taken against Massie Drilling Company, but the judgment does not state whether the judgment was taken against it as a partnership, or a joint-stock association. The Massie Drilling Company appealed on the assumption that the judgment against it was taken against it as a joint-stock association. In an opinion written to-day by Judge Bishop, it is held that the judgment against Connellee and Pangburn must be reversed because the question of whether the Massie Drilling Company was a partnership was not properly submitted to the jury in the trial court. The plaintiff in its petition, in addition to alleging that the Massie Drilling Company was a partnership, alleged that it was a joint-stock association with its principle office at Fort Worth, Tex., having as its president T. W. Connellee of Fort Worth, Tarrant' county, Tex., upon whom service might be had. There is no allegation in the petition that any of the defendants live in Archer county, and no allegation that Massie Drilling Company had an agent in Archer county. Citation for the Massie Drilling Company was issued to Archer county, commanding the officer to summons said defendant by serving T. O. Massey, local agent of said company, and the officer's return shows that citation was served on said company as directed by delivering copy of the writ and certified copy of the petition to T. O. Massey, local agent for the Massie Drilling Company.

Before judgment can be taken against any defendant by default, the record must affirmatively appear that all of the necessary requisites have been complied with and that the defendant against whom such judgment by default is taken is properly before the court. The record fails to show by what authority the clerk of the district court of Wichita county issued citation for the Massie Drilling Company to Archer county, and we think that the clerk was without authority to issue such citation, and that a judgment by default cannot be based thereon against plaintiff in error as a joint-stock association. Tyler v. Blanton et al., 34 Tex. Civ. App. 393, 78 S. W. 564; Friend v. Thomas et al. (Tex. Civ. App.) 187 S. W. 986.

We recommend that the judgment of the district court and the Court of Civil Appeals be reversed, and that the cause be remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes