**SHAMBECK v. JOHNSON.**    (No. 2625.)

(Court of Civil Appeals of Texas. Amarillo. March 3, 1926.)

Judgment ⟨key⟩101(1)—In absence of affirmative allegation in petition of defendant's residence, or that his residence is unknown, and no showing that court has jurisdiction of defendant, rendering default judgment is fundamental error (Rev. St. 1925, arts. 2003, 2022).

Where there is no allegation in petition of defendant's residence nor that his residence is unknown, so that there is no affirmative showing that court has jurisdiction of defendant, rendering default judgment is fundamental error, in view of Rev. St. 1925, arts. 2003, 2022.

Error from District Court, Lynn County; Gordon B. McGuire, Judge.

Suit by W. H. Johnson against Louis Shambeck. Judgment for plaintiff by default, and defendant brings error. Reversed and remanded.

Robt. H. Bean and Bean & Klett, all of Lubbock, for plaintiff in error.

Lockhart & Garrard, of Lubbock, for defendant in error.

HALL, C. J. This suit was instituted in the district court of Lynn county by defendant in error, Johnson, against plaintiff in error, Shambeck, upon an instrument in writing alleged to be a contract executed by Shambeck for the sale of 300 bales of cotton to one H. O. Waters. Johnson sues as assignee under said contract, alleging that Shambeck has failed and refused to deliver the cotton, to his damage in the sum of $1,875, for which amount he prays judgment. On the 17th day of October, 1925, a default judgment was rendered in favor of Johnson against Shambeck; that being the last day of the September term of said district court.

The case is before us upon one proposition, urging as fundamental error the action of the court in rendering a default judgment against Shambeck, for the reason that there is no affirmative showing that said court had jurisdiction over Shambeck, in that there is no allegation in Johnson's original petition

of the county of Shambeck's residence, nor any allegation that his residence was unknown to Johnson, and there is therefore no authority for the subsequent action of the clerk of said court directing the sheriff of Lynn county to serve Shambeck in that or any other county with citation. This proposition must be sustained, and requires that the judgment be reversed and the cause remanded.

R. S. 1925, art. 2003, provides that the petition shall state the residences of the parties if known. R. S. 1925, art. 2022, provides that citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and command him to summon the defendant to appear and answer, etc. These statutes are mandatory, and, in the absence of an allegation showing the residence of the defendant, the clerk had no authority to issue the citation upon which the default judgment in this case is based, and such judgment is therefore erroneous and must be set aside. Friend v. Thomas (Tex. Civ. App.) 187 S. W. 986, 987; Tyler v. Blanton, 78 S. W. 564, 34 Tex. Civ. App. 393. It is said in the Thomas Case that:

"The statutory proceedings noted, and to which the law exacts a close adherence, are all steps necessary to be successively taken in order to show the court's jurisdiction over the defendant, and in cases of judgment by default such jurisdiction must affirmatively appear"—citing numerous cases.

In Massie Drilling Co. v. Nees, 266 S. W. 504, the Commission of Appeals said:

"Before judgment can be taken against any defendant by default, the record must affirmatively appear [show] that all of the necessary requisites have been complied with and that the defendant against whom such judgment by default is taken is properly before the court. The record fails to show by what authority the clerk of the district court of Wichita county issued citation for the Massie Drilling Company to Archer county, and we think that the clerk was without authority to issue such citation, and that a judgment by default cannot be based thereon against plaintiff in error as a joint-stock association."

It is settled law in this state that the failure of the record to show that the court rendering the judgment had jurisdiction presents fundamental error, though not assigned as error. Milner v. Sims (Tex. Civ. App.) 171 S. W. 784; Banks v. Blake (Tex. Civ. App.) 171 S. W. 514; O'Bannon v. Pleasants (Tex. Civ. App.) 153 S. W. 719; Chicago, R. I. & P. Ry. Co. v. Anderson, 141 S. W. 513, 105 Tex. 1, Ann. Cas. 1915A, 198.

As said in Hendrick v. Blount-Decker Lumber Co. (Tex. Civ. App.) 200 S. W. 171, 172:

"A judgment based upon insufficient pleadings, or one rendered in a case where the court has no jurisdiction over the parties or the subject-matter of the suit, * * * is fundamentally erroneous."

The reasons for considering such errors fundamental in cases of this character have peculiar force where judgment is rendered by default and on the last day of the term, as in the case before us, because generally in such cases the plaintiff in error does not know that such judgment has been taken until too late to file a motion for a new trial, give notice of appeal, or assign error.

Reversed and remanded.