## WALDEN et al. v. LOCKE et al.
### No. 764.

Court of Civil Appeals of Texas. Eastland.

Dec. 5, 1930.

Lockhart, Garrard & Brown, of Lubbock, for plaintiffs in error.

Ritchie & Ritchie, of Mineral Wells, for defendants in error.

HICKMAN, C. J.

The judgment below was rendered against plaintiffs in error by default. The petition of the plaintiffs below (defendants in error here), by virtue of which citation was issued to plaintiffs in error, alleged their residence to be in Andrews county. Citation was directed to the sheriff or any constable of Gaines county. The return was made by the sheriff of Gaines county, showing that the citations were served in that county.

The first proposition of plaintiffs in error presents the question that no legal authority existed for the issuance of citation to Gaines county, and that the service thereof in that county was of no force and effect. This proposition must be sustained.

"Before judgment can be taken against any defendant by default, the record must affirmatively appear that all of the necessary requisites have been complied with and that the defendant against whom such judgment by default is taken is properly before the court. The record fails to show by what authority the clerk of the district court of Wichita county issued citation for the Massie Drilling Company to Archer county, and we think that the clerk was without authority to issue such citation, and that a judgment by default cannot be based thereon against plaintiff in error as a joint-stock association. Tyler v. Blanton et al., 34 Tex. Civ. App. 393, 78 S. W. 564; Friend v. Thomas et al. (Tex. Civ. App.) 187 S. W. 986." Massie Drilling Co. v. Nees (Tex. Com. App.) 266 S. W. 504.

To the same effect is the case of Shambeck v. Johnson (Tex. Civ. App.) 281 S. W. 349.

Further discussion of the question by us would serve no purpose. The fact that the amended petition was filed before judgment was taken, in which the residence of plaintiffs in error was correctly stated to be in Gaines county, does not alter the rule, for, as held by the cases above cited, the citation was a nullity for want of authority in the clerk to issue same. This being true, no efficacy was imparted to it by an amended petition filed after it was issued and served.

The proposition complaining of the sufficiency of the affidavit to support the writ of attachment which was levied herein presents no question for our review. The regularity of attachment proceedings cannot be raised for the first time on appeal. Calvert v. Bennett (Tex. Civ. App.) 286 S. W. 303; 5 Tex. Jur. p. 253, § 90. A defendant in attachment has a reasonable time after appearance in which to make a motion to quash the attachment proceedings, and a failure to attack same within a reasonable time is a waiver of defects. Wallace v. First National Bank of Gallatin, 95 Tex. 103, 65 S. W. 180.

We cannot know in advance whether plaintiffs in error will make any effort in the court below to quash the attachment, and it would be manifestly improper for us to discuss that question at this time.

Only one other proposition is presented, and that relates to an alleged error in the judgment, which could be cured by a reformation thereof. Since the judgment below must be reversed in its entirety, it is not necessary to consider any question of reformation.

For the reason above indicated, the judgment of the trial court is reversed, and the cause remanded.