## WALKER et al. v. KOGER.

### No. 1590.

Court of Civil Appeals of Texas. Eastland.

Nov. 6, 1936.

Rehearing Denied Dec. 4, 1936.

Lockhart & Brown, of Lubbock, for plaintiffs in error.

Carl Rountree, of Lamesa, for defendant in error.

GRISSOM, Justice.

It will not be necessary to make a detailed statement of the nature and result of the suit. Koger, as plaintiff, filed suit in Dawson county against Jesse Walker and others on certain vendor's lien notes, praying for judgment for debt and foreclosure of his lien on real estate in said county.

The sole question to be determined is the sufficiency of the citation and service thereof to authorize a default judgment.

Plaintiff's petition, filed November 5, 1934, alleged "that all parties hereto reside in Dawson county." On November 5, 1934, citation was issued to Dawson county for all defendants. On November 7, the sheriff of Dawson county returned the citation to the clerk showing that it came into his hands on November 6, and showing service on all defendants except John R. Bailey. On November 5 (the same day the petition was filed and citation issued to Dawson county) citation was issued to Gaines county for John R. Bailey, which citation was served upon him in Gaines county on November 7. Each of the citations required the appearance of the defendants at the November term of the district court of Dawson county on November 19, 1934. The defendants failed to appear and answer and judgment by default was taken against them at a subsequent term of said court, on April 22, 1935. The citation to Gaines county was styled by the clerk "out county."

Plaintiffs in error's two assignments of error are as follows: "(1) Since plaintiff's petition alleged John R. Bailey to be a resident of Dawson county, the clerk of the district court of Dawson county was without legal authority to issue a citation directed to the sheriff or any constable of Gaines county, Tex., commanding him to summon John R. Bailey, and the service of such citation was ineffectual, and the trial court erred in rendering a judgment by default against John R. Bailey based upon such void citation." (2) "Since plaintiff's petition alleged John R. Bailey to be a resident of Dawson county, Tex., and the clerk of the district court of Dawson county, Tex., on the same date the original petition was filed, issued a citation directed to the sheriff or any constable of Dawson county, Tex., commanding such officer to summon John R. Bailey, which citation was not returned by said officer until November 7, 1934; the clerk of the district court was without authority on November 5, 1934, to issue an alias citation directed to the sheriff or any constable of Gaines county, and commanding such officer to summon John R. Bailey, and the service of such Gaines county citation was ineffectual, and the trial court erred in rendering a judgment by default against John R. Bailey based upon such void citation."

The question presented for decision, at least in so far as it is not already settled by the decisions, is one of statutory construction. What is the true meaning of

the italicized part of R.S.1925, art. 2035 which reads: *"When any process has not been returned,* or has been returned without service, or has been improperly served, the clerk shall, upon the application of any party to the suit, his agent or attorney, issue other process to the same or any other county as the applicant may direct." (Italics ours.) By other statutes the duty is imposed upon the clerk when a suit is filed to issue citation for the defendant and to direct it to the sheriff or any constable of the county where the "defendant *is alleged to reside or be,"* etc. R.S.1925, art. 2022. The officer to whom a citation is thus directed is under duty to "execute and return the same *without delay."* (Italics ours.) R.S.1925, art. 2025. "Citations shall be served before the return day thereof." R.S.1925, art. 2036.

 A court can acquire jurisdiction of the person of a defendant in only one, or the other of these three ways: (1) By service of citation; (2) by appearance; (3) by written waiver of the service of citation. Early v. Cornelius, 120 Tex. 335, 39 S.W.(2d) 6. Where there is no appearance or waiver, and jurisdiction of the person depends upon service of citation, the record, upon review by appeal or writ of error, must affirmatively show legal service of citation. 25 Tex. Jur. § 40, p. 404 et seq. There can be no legal service of citation unless the citation purporting to show service was issued by proper authority. Logically, it would seem that for a record upon appeal to show affirmatively a legal service of citation it would be necessary for it to show affirmatively the authority of the issuing officer. In other words, if any presumptions could be relied upon to make out an affirmative showing of legal service, it would seem to be required that they be necessary or conclusive presumptions. In several cases, however, effect has undoubtedly been given to presumptions which could scarcely be called necessary or conclusive. We do not find it necessary in this case to indorse or dissent from such decisions.

 It is an axiomatic principle of law that one presumption cannot be based upon another presumption. The proposition is no less clearly sound that rebuttable presumptions cannot exist contrary to the established facts. The operation of these two principles permits a correct decision of the instant case controlled alone

by a determination of the proper construction of said statute.

 The district clerk gets his authority to issue a citation in four different ways, all but one of them depending upon the happening of a contingency or condition. His primary authority is derived from the allegations of the plaintiff's petition. Article 2022, R.S.1925. Unless he exercises that authority by issuing a citation directed to the proper officer of the county in which the defendant is alleged to reside or be, he has no authority to issue any other citation; unless, of course, after the filing of a substitute pleading alleging anew the county of the defendant's residence. Said article 2035 confers no authority to issue a citation unless and until a citation has been issued, directed to an officer of the county in which the defendant is alleged to reside or be. Massie Drilling Co. v. Nees (Tex. Com.App.) 266 S.W. 504. After such first citation is issued, the provision of said article is clear that he does have authority to issue another citation to the same or any other county, upon the application of a party to the suit, his agent or attorney, "when" the citation "has been returned without service." Such authority is equally certain "when" the citation "has been improperly served." But the provision purporting to authorize the clerk to issue another citation "when any process [citation] has not been returned" is, standing alone, susceptible to two different meanings. The question arises regarding the sense in which the word "when" is thus employed. Does it mean "while" or "during the time that"? Or, does it mean "after the time that"? According to the dictionaries, the word may mean either, or have other meanings, but it is believed there could arise no serious difference of opinion that as here used it has one or the other of the meanings above suggested.

 The true meaning must be ascertained from the context, or by application of rules of statutory construction. In order to better consider the context, let us set out the entire sentence, supplying in brackets the words which were omitted as being understood without express repetition. The provision would then read as follows: "When any process has not been returned, or [when any process] has been returned without service, or [when any process] has been improperly served,

the clerk shall, upon the application of any party to the suit, his agent or attorney issue other process to the same or any other county as the applicant may direct." If it is certain which of two meanings the word has in any one or more of these connections, then we can be assured it has the same meaning in all. "In the absence of anything in the statute clearly indicating a contrary intent, where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout; and where its meaning in one instance is clear, this meaning will be attached to it elsewhere." 59 C.J. 1003, § 597.

Now, let us paraphrase the sentence in question substituting for the word "when" its equivalents "while" and "during the time that." Here it is: "While or during the time that any process has not been returned, or while or during the time that any process has been returned without service, or while or during the time that any process has been improperly served the clerk shall," etc. Now, see how it reads when we substitute for "when" its other equivalent "after the time that." "After the time that any process has not been returned, or after the time that any process has been returned without service, or after the time that any process has been improperly served, the clerk shall," etc. We scarcely need point out that "during the time that any process has been returned without service" and "during the time that any process has been improperly served" do not make good sense. As the statement of conditions or contingencies upon which authority is granted to the clerk to issue other citations, such provisions would be worthless. On the other hand, by ascribing to the word the meaning "after the time that," three contingencies or conditions capable of ready ascertainment are clearly stated upon the happening of either of which the clerk becomes authorized, upon application, to issue other citations. One is that no return is made; another is that a return is made, but without service. The last is that the citation is improperly served. In that view, in any case where there has been a due return either showing service, or no service, or improper service, the first contingency or condition is never operative as the basis of authority to issue another citation. The process having been returned, the contingency of a failure to make a return never existed.

■ The above-stated rule of construction may be further applied in verification of the conclusion reached. In R.S.1925, article 2034, relating to the same subject-matter as the article in question, the word "when" is used in a sentence as follows: "When the citation has not been served, the return shall show the diligence used by the officer to execute the same," etc. Here, as in the provision in question, something is to be done "when" something else has been done, or failed to be done. There is nothing to show that the same word is used in the different provisions in different senses. According to the different meanings of the word above considered, a paraphrasing of this sentence would be, (1) "While or during the time that the citation has not been served the return shall show the diligence used by the officer to execute the same," etc. Or, (2) "After the time that the citation has not been served the return shall show the diligence used," etc. Undoubtedly we think the first must be rejected for the latter. Neither a return nor a service of citation is a continuing act, and it would not make sense to say that a return shall show the diligence used by the officer to execute the same "while" or "during the time that the citation has not been served." The context shows just as clearly, we think, that the word "when" is used in the sense of "after the time that" as it was in the connection it was used in City of Quanah v. White, 88 Tex. 14, 28 S.W. 1065.

■ The discussion might well end here, but it may be of some help to consider briefly a few of the practical effects of the construction. If while, or during the time that, a citation has not been served the clerk is authorized upon request to issue another citation, then the issuance of the first citation must be the contingency or condition upon which the issuance of the subsequent citation is authorized. One minute after a suit is filed, both the clerk and the plaintiff may have certain knowledge that the defendant resides in a different county from the one alleged in the petition, yet, in order for the clerk to have authority then to issue a citation to the proper county (in the absence of an amendment of pleading), he must do the utter futile thing of issuing a citation which he knows cannot be serv-

ed and at an added cost to the parties. In that view, since the only purpose of issuing the citation would be to give him authority to issue another, the clerk would best serve the interest of all parties if as soon as he has issued it and charged the costs on his fee book, he should destroy it. There could certainly be no reason for handing it to the officer and thereby incurring an additional cost. Unless it be necessary, a statute should not be given a construction which requires the doing of a useless thing at the added expense of the litigants.

Under such construction up to the very moment a citation is returned, the clerk, upon application, may issue another, but immediately upon such return the clerk can no longer act upon the former authority, but must act upon the new authority, namely, to issue such citation "while" or "during the time that" any citation has been returned without service. If that can be said to mean anything and to express the legislative intent, it would have been far more natural and reasonable to have simply provided that at any time until citation is returned showing due and proper service another citation, upon application, should be issued, etc.

When a citation has been issued and delivered to the proper officer in the county where the defendant is alleged to reside, the law fixes a maximum time in which the same shall be returned whether served or not. If it has not been returned in that time, then the first contingency exists which authorizes the clerk upon application to issue another to the same or a different county. The provision could never practically operate to authorize citation to the same county until after the previous citation had become functus officio by the expiration of the time within which it was to be returned. If the sheriff finding that he cannot make service makes prompt return before the maximum time, then another contingency is shown to exist, which authorizes the issuance of another citation.

In this case no amended pleadings were filed to serve as authority for issuing the second citation. Authority of the clerk to issue the citation did not exist on the ground that no return was made because the record shows that a return was made. The authority did not exist because a return was made without service, because the record shows that the second citation was issued before the first citation came into the hands of the sheriff and, of course, before the return could have been made. It was necessary that authority to issue the citation exist at the very time it was issued, and a subsequent return could no more give validity to the unauthorized prior act than would the subsequent filing of an amended pleading alleging the residence of the defendant to be the same as shown by the return, as this court had occasion to consider in Walden v. Locke (Tex.Civ.App.) 33 S.W.(2d) 475. Authority did not exist because of improper service since the record shows there was no service on John R. Bailey in Dawson county, proper or improper.

The record does not show which citation was issued first, the one to Dawson county where the petition alleged the residence of the defendant to be, or the one to Gaines county that was served. If it be granted that a presumption exists that the citation to Dawson county was issued, first, because it was the duty of the clerk to do so, what basis is there for a presumption that the citation to Gaines county was issued "upon the application of" a "party to the suit, his agent or attorney" and as the applicant directed? Such presumption would have no other basis of support than the first-named presumption, contrary to the principle hereinbefore stated. We do not think that it is necessary to express an opinion regarding the effect of presumptions further than to say that in our opinion the facts showing the existence of one of the three contingencies or happenings upon which the clerk, without the pleadings having been amended, is authorized by article 2035, on application of a party to issue other citations, cannot be presumed, but must affirmatively appear of record.

Upon these conclusions, it results that in our opinion the judgment of the court below must be reversed and the cause remanded, and it will be accordingly so ordered.