**ARTEX REFINING CO. et al. v. POLLARD & LAWRENCE.**

No. 5312.

Court of Civil Appeals of Texas. Texarkana.

Jan. 5, 1939.

Rehearing Denied Feb. 16, 1939.

Ronald Smallwood, of Corpus Christi, for appellants.

Pollard & Lawrence and William S. Reeves, all of Tyler, for appellees.

HALL, Justice.

This was a suit brought by the law firm of Pollard & Lawrence, alleged to be a co-partnership composed of Senator Thomas G. Pollard and Judge W. Dewey Lawrence, for certain legal fees for professional services rendered appellants amounting in all to the sum of $308.65, alleged to be owing by appellants. An itemized sworn account was attached to the or-

iginal petition. This suit was filed November 21, 1936, and judgment by default was rendered against appellants and in favor of appellees on February 15, 1937, for the full amount of their claim. The case is now properly before us on appeal.

█ No statement of facts accompanies the record, and our examination of same will be for fundamental error only. The first contention made by appellants is that the petition of appellees is insufficient upon which to predicate a judgment against appellants, in that it was brought by Pollard & Lawrence as a co-partnership and not by the individuals composing the partnership. This contention is overruled. While it is true that the petition alleges that the suit is brought by Pollard & Lawrence, "a co-partnership composed of Thomas G. Pollard and W. Dewey Lawrence," the petition thereafter refers to the appellees as "plaintiffs" and shows conclusively, absent a special exception, that the suit is prosecuted by the individuals, Thomas G. Pollard and W. Dewey Lawrence, and the allegation as made would not render the petition, in our opinion, subject to general demurrer and is sufficient upon which to base the judgment by default. Scott v. Llano County Bank, Tex.Civ.App., 85 S. W. 301; Scott v. Llano County Bank, 99 Tex. 221, 89 S.W. 749.

█ Another contention is made by appellants that the court erred in rendering judgment against Mac Hall because: (1) The plaintiffs' petition does not state sufficient facts to authorize the judgment against him: (2) because the judgment is based upon a verified account attached to plaintiffs' petition, which account is against Artex Refining Company only; and (3) the petition fails to state facts authorizing a judgment against Mac Hall as a stockholder and director of Artex Refining Company. These contentions are overruled. The petition simply states that appellees performed the services shown by the verified account attached to the petition for the defendant and that "the defendants became obligated to pay plaintiff the several sums of money charged therefor in said account specified, amounting to the sum of Three Hundred Eight and 65/100 ($308.-65) Dollars after allowing all due credits and offsets; then and there agreed and promised to pay plaintiff said amounts." This averment alleges simply that the services were performed for defendants and that defendants promised to pay for same.

The judgment recites "and it appearing to the Court that the cause of action herein is based upon a verified account in the sum of Three Hundred Eight and 65/100 ($308.-65) Dollars, and the pleadings and evidence having been heard by the Court and by him understood." We have no way of knowing what evidence was before the court other than the sworn account attached to the petition, but we indulge the presumption which obtains in favor of the judgment that it was rendered upon sufficient evidence. Therefore these contentions are overruled.

The other assignments brought forward by appellants have been examined and in the light of this record are found without merit and are overruled.

The judgment is affirmed.

### On Motion for Rehearing.

█ Appellants in their motion for rehearing earnestly insist that we were in error in our original opinion, handed down on January 5th, 1939, affirming the judgment of the court below, for the reason that this appeal presents fundamental error in the following particular: Appellees in their original petition alleged the residence of appellants to be in Smith County, Texas, but service of citation was had upon them in Cooke County, Texas. Appellants cite in support of this contention Walden v. Locke, Tex.Civ.App., 33 S.W.2d 475; Tyler v. Blanton, 34 Tex.Civ.App. 393, 78 S.W. 564; Friend v. Thomas, Tex. Civ.App., 187 S.W. 986; Massie Drilling Co. v. Nees, Tex.Com.App., 266 S.W. 504; Shambeck v. Johnson, Tex.Civ.App., 281 S.W. 349; R.C.S. art. 2029, Vernon's Ann. Civ.St. art. 2029. Under the record presented in this case these authorities are not in point. It affirmatively appears from the record herein that on November 21, 1936, citations were by the county clerk of Smith County issued to the sheriff or any constable of Smith County, which citations were on the same day returned by the sheriff of Smith County with the following notation endorsed thereon: "Mac Hall not served as I have been unable to find him in Smith County from information I get he is living in Gainesville, Texas." It will be noted that Mac Hall was sued individually and was alleged to be the president of the other appellant, Artex Refining Company. On December 8, 1936, alias citations were issued by the county clerk of Smith county to the sheriff or any constable of Cooke

county, Texas, commanding said officer to summon Mac Hall as president of Artex Refining Company and individually to be and appear before the County Court of Smith County on the 1st day of February, 1937, which citations were served on December 22, 1936, as shown by the return of the sheriff of Cooke County.

These last citations were lawfully issued and formed sufficient basis for the default judgment rendered by the trial court. R. C.S. art. 2035 under head of "Alias Process" provides: "When any process has not been returned, or has been returned without service, or has been improperly served, the clerk shall, upon the application of any party to the suit, his agent or attorney, issue other process to the same or any other county as the applicant may direct."

Based upon this statute the Supreme Court in Lauderdale v. R. & T. A. Ennis Stationery Co., 80 Tex. 496, 16 S.W. 308, 309, in an appeal from a judgment by default held: "* * * While original process should be directed to the county in which plaintiff's pleadings allege the parties to be served reside, it is proper, upon the existence of any contingency mentioned in article 1227 [now Article 2035] of the Revised Statutes, for the clerk to issue alias process to the same or any other county, as directed, without an amendment of the pleading of the plaintiff; and when such process is found in the record, properly served, it will be presumed that its issuance was properly directed."

The holding set out above was followed in Winter v. Davis, Tex.Civ.App., 10 S.W. 2d 181, writ refused. This court, speaking by the late Chief Justice Willson in Pierson v. Beard, 181 S.W. 765, 766, in which writ of error was refused by the Supreme Court, held: "* * * The burden is on appellants to show error entitling them to the relief they ask at the hands of this court. They have not shown it, but are in the attitude of asking this court, as a basis for sustaining their claim of error,

to presume that the clerk, in violation of his duty, did not issue the citations to Cameron county as prayed for in the plaintiff's petition, but, instead, in the absence of facts which would have authorized him to do so, and, therefore in violation of law, issued the citations to Bexar county. The writer is further of the opinion, notwithstanding the rulings to the contrary made in the cases referred to, that, even if it conclusively appeared that the citations issued to Bexar county and served upon said appellants L. B. Pierson and Sylvia White were not alias, but were the original citations, the service on them should be held to have been sufficient to authorize the judgment by default rendered against them. They were duly served with the notice they, as defendants in the suit, were entitled to by the terms of the law, and he does not think the mere fact that service of that notice was had on them in another county in the state than the one they were alleged to reside in is a reason why they should not be held to have been bound to answer the suit."

However, we are not required to go so far in our holding in this case. As stated before, citations were first issued to Smith county and returned by the sheriff of said county with the notation that the parties could not be found in that county but were reported to be in Gainesville, Texas, the county seat of Cooke county. Afterwards, on December 8, 1936, alias citations were issued to Cooke county and were there served upon appellants. Certainly, under the authority of R.C.S. art. 2035 and Lauderdale v. R. & T. A. Ennis Stationery Co., supra, the presumption obtains that the issuance of alias citations to Cooke county was properly directed.

Therefore the contention made herein by appellants does not present fundamental error, and the court below properly rendered judgment by default against them.

The motion for rehearing is respectfully overruled.