## CITY STATE BANK IN WELLINGTON v. BAILEY et ux.

### No. 5476.

Court of Civil Appeals of Texas. Amarillo.

Oct. 26, 1942.

R. H. Cocke, of Wellington, for appellant.

Lon P. Watkins and L. E. Gribble, both of Wellington, for appellees.

FOLLEY, Justice.

In 1922 the appellee, W. D. Bailey, Jr. and wife, Ethel Maye Bailey, secured a $7000 loan from the Federal Land Bank of Houston and as security therefor executed a deed of trust upon Section 31, Block 11, H. & G. N. Ry. Co. Survey in Collingsworth County. On January 7, 1931, the appellees executed a note for $499.45, payable to the Shamburger Lumber Company, and to secure the same executed a deed of trust in favor of the lumber company upon the same land theretofore mortgaged to the Federal Land Bank. On April 4, 1933, the Shamburger Lumber Company filed suit against the appellees in cause No. 1697 in the District Court of Collingsworth County for its debt and for foreclosure of its deed of trust lien. The petition of plaintiff in that suit failed to allege the residence of W. D. Bailey, Jr. and wife. However, citation was issued, directed to the sheriff

474

or any constable of Collingsworth County, and the appellees were duly served in Collingsworth County, their place of residence. On April 25, 1933, a default judgment, reciting due service, was rendered against them in such cause for the debt and for foreclosure of the deed of trust upon the whole section of land. Later in the same year an order of sale was issued and levy made upon the land, but the sale was not had because of a partial payment, the sheriff's return stating, "Settled without sale." There this matter rested until 1940.

In 1934, in order to secure an indebtedness due the appellant, City State Bank in Wellington, the appellees executed a deed of trust upon the east one half and the north 120 acres of the west one half of the above-described section of land, which included all of the section except the south 200 acres of the west one half, which was claimed as the homestead of the appellees. The appellees having defaulted in the payment of this indebtedness, the appellant bank, in 1940, sued for and recovered judgment by default in cause No. 2121 in the District Court of Collingsworth County for its debt of about $11,000 and for foreclosure of its deed of trust lien. On October 1, 1940, the land covered by appellant's mortgage was sold under this judgment, but the sale failed to satisfy the judgment by about $9000. Later, on the same day, the appellant bank also purchased the same land at a substitute trustee's sale under the deed of trust lien made to the Federal Land Bank. This sale was made for a past due installment of $174. The homestead of the appellees, though included in the Federal Land Bank's mortgage, was not included in this trustee's sale, the appellees having taken advantage of a clause in such mortgage which compelled the Federal Land Bank to first sell the land other than the homestead in satisfaction of its debt. The land was sold to the appellant by the trustee for $1800, which was $1535.70 more than sufficient to satisfy the installment and interest due and to pay the costs of sale. The substitute trustee declined to pay over this excess to the appellant bank and another suit, cause No. 2179, was filed by the appellant to compel the substitute trustee to pay this excess money to it. In the meantime, the lumber company, then known as the C. D. Shamburger Lumber Company, had caused an alias order of sale to issue to sell the whole section of land upon the judgment rendered in cause No. 1697 in favor of the Shamburger Lumber Company. This action precipitated the filing of cause No. 2175 by the appellant which was consolidated with cause No. 2179 and tried under the latter number. In this consolidated cause the appellees were made parties together with the C. D. Shamburger Lumber Company and the substitute trustee in the deed of trust sale. The appellant bank sought payment of the excess money held by the trustee and pleaded its judgment and sale thereunder in cause No. 2121, and its purchase of the east one half and the north 120 acres of the west one half in the trustee's sale, and further asserted that the lumber company's lien had been "wiped out" by the trustee's sale under the prior lien. The lumber company pleaded its judgment in cause No. 1697. The appellees, Bailey and wife, pleaded their homestead exemption and asked that the excess money be paid to them, but in such pleading admitted that the lumber company had obtained judgment against them in cause No. 1697 and that they had paid $375 on such judgment. On December 2, 1940, judgment was rendered in the consolidated cause in favor of the appellant, quieting its title to the east one half and the north 120 acres of the west one half of the section of land as against any claim of the appellees and the lumber company, and decreed that the appellant be paid the excess money from the trustee's sale. The judgment further decreed that the appellees and C. D. Shamburger Lumber Company take nothing, that the trustee be discharged with his costs, and that the lien of the C. D. Shamburger Lumber Company upon the land other than the homestead was "wiped out" by reason of the trustee's sale under a prior and superior lien. From that judgment there was no appeal.

The appellant bank acquired, by proper transfer, the judgment in cause 1697 theretofore held by the C. D. Shamburger Lumber Company. On April 14, 1941, a pluries order of sale was issued out of the old cause 1697, directing the executing officer to sell under the original judgment the south 200 acres of the west one half of section 31, which was the same land claimed by the appellees as their homestead in the consolidated cause. This action precipitated the filing of the instant suit by the appellees, which for some reason was given the same number as the original cause No. 1697. The appellees denominated them-

475

selves as defendants, apparently assuming their same position as defendants in the original suit, and sought injunctive relief against the C. D. Shamburger Lumber Company and the sheriff levying the writ. The lumber company impleaded the appellant, City State Bank in Wellington, alleging the transfer to it of the original judgment in cause 1697. In their petition for injunction the appellees attacked the judgment in cause 1697 as being void because of the failure of the original petition therein to allege their residence, asserting that the clerk was unauthorized to issue a citation in the absence of such an allegation. They further asserted their homestead rights in the property. The impleaded appellant set up its ownership of the original judgment and alleged that the appellees were estopped to plead the invalidity thereof because they had admitted in their pleadings in the former consolidated suit that the debt of the lumber company had been reduced to judgment and that they had paid a portion of the amount due thereon. The appellant further asserted that the judgment in the consolidated cause was res judicata to the claims of the appellees for injunctive relief.

In a hearing before the court a temporary injunction theretofore issued was made permanent which perpetually restrained the sale of the 200 acres of land under the original judgment in cause 1697. It is from this second judgment in cause 1697 that this appeal is prosecuted.

Although the appellant has six points upon which this appeal is predicated, these points present but one general contention which is that the appellees were estopped to assert the invalidity of the original judgment because of their allegations in the former consolidated suit wherein they admitted that a judgment had been rendered against them in the original cause and that they had made payments thereon. No complaint is made by the appellant as to the trial court's implied finding that the original judgment in cause 1697 was void.

In the consolidated suit there was no definite adjudication of the homestead rights of the appellees in the 200 acres here involved except what might be inferred from a denial of any relief to the appellees or to the lumber company, the latter having sought to sell the entire section of land, including the homestead, and the appellees defending only the homestead portion thereof. In that suit the appellant was not seeking any interest in the 200 acres but was contesting the right of the lumber company to sell any of the land and asserting its superior title only in the land other than the homestead.

On the question of estoppel, we think the contention urged by appellant is untenable for two reasons. First, there was no allegation made by the appellees in the consolidated suit that the original judgment in cause 1697 was a valid and binding judgment, the appellees merely admitting that a judgment had been taken against them and that they had paid a portion of the same. Secondly, no relief of any kind was sought by the appellees by reason of such judgment and none was granted to them relative thereto. In our opinion, there is no material inconsistency in admitting a judgment has been taken and at the same time asserting that the same is invalid, and if there was an inconsistency, before the question of estoppel arises the position assumed in the former proceeding must have been successfully maintained, which is not the case here. Kirby et al. v. Fitzgerald et al., 126 Tex. 411, 89 S.W.2d 408; Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251, 255, and authorities cited. We therefore conclude that the appellees were not estopped to assert the invalidity of the original judgment in cause 1697.

In making the above ruling, we are not holding that the original judgment in cause 1697 is such a nullity as to be subject to the collateral attack made herein. Such matter is not in any manner presented by the appellant in this appeal and we pretermit any discussion of this controversial question. Treadway v. Eastburn, 57 Tex. 209; Martin v. Burns et al., 80 Tex. 676, 16 S.W. 1072; Levy v. Roper et al., 113 Tex. 356, 256 S.W. 251; Tyler v. Blanton, 34 Tex.Civ.App. 393, 78 S.W. 564; Friend v. Thomas et al., Tex.Civ.App., 187 S.W. 986; Hitt v. Bell et al., Tex.Civ.App., 111 S.W.2d 1164; Witt v. Kaufman & Kleaver, 25 Tex.Supp. 384; Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934; State Mortgage Corporation v. Traylor, 120 Tex. 148, 36 S.W.2d 440; Massie Drilling Co. v. Nees, Tex.Com.App., 266 S.W. 504; Walden et al. v. Locke et al., Tex.Civ.App., 33 S.W.2d 475; Douthit v. Martin et al., 15 Tex.Civ.App. 559, 39 S.W. 944.

The appellant having presented no reversible error, the judgment of the trial court is affirmed.